## THIRD DEPARTMENT, OCTOBER, 1940.
## (October 2, 1940.)

In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by VIVIENNE MILLER, Claimant. NO-SLIP RUBBER CORPORATION, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— The employer-appellant, No-Slip Rubber Corporation, appeals from a decision of the Unemployment Insurance Appeal Board, which held that appellant was an employer subject to the provisions of the Unemployment Insurance Law, and that claimant was entitled to the benefits thereunder. The only question involved here is whether the appellant employed four persons within the meaning of the Unemployment Insurance Law, ▮ which provides that " employer " means any corporation employing at least four persons. (§ 502, subd. 3.) The claimant was employed by the No-Slip Rubber Corporation, appellant, as a typist from June 7, 1937, to August 21, 1937. In addition to claimant, it is conceded that appellant employed two other persons. The appellant-corporation is the selling agent for the Bishop Gutta-Percha Company, a manufacturing corporation which owns all of the stock of the appellant-corporation. Bishop Industries, Inc., was incorporated as a management company for the Bishop Gutta-Percha Company and Bishop Wire and Cable Corporation, and held all of the stock of said companies. Bishop Industries, Inc., had the management of the subsidiary companies, hiring and discharging employees and paying the salaries of the employees of these various companies, including the appellant-corporation. Formerly, the cost of management by the Bishop Industries, Inc., was allocated between the various companies

on the basis of sales, but in January, 1937, a contract was entered into between the Bishop Industries, Inc., and Bishop Gutta-Percha Company, whereby the latter agreed to pay to the former a monthly sum for executive management, which included the employment of a purchasing agent and an office manager, such persons to be selected by Bishop Industries, Inc. A similar contract was entered into between Bishop Industries, Inc., and the Bishop Wire and Cable Corporation. While the appellant-corporation was not a party to these contracts, it was a subsidiary of the Bishop Gutta-Percha Company, which owned all of its stock and had its offices with Bishop Gutta-Percha Company and Bishop Industries, Inc., in New York city. The Board found that the office manager was an employee of both the Gutta-Percha Company and the appellant-corporation. The evidence sustains such finding. As office manager, he was in charge of the office force and performed services for both corporations, and while it is true that his salary was paid by Bishop Industries, Inc., and not by appellant, his own testimony indicates that this was a matter of billing convenience. He performed services as office manager for the appellant, and as matter of fact, hired and discharged the claimant herein. When, as office manager, he performed such services, he was an employee of the appellant. (Unemployment Insurance Law, § 502, subd. 2; *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273.) There is no evidence that Bishop Industries, Inc., was engaged in an independently established enterprise, but there is ample proof that it was organized for the very purpose of acting as management corporation for Bishop Wire and Cable Corporation and Bishop Gutta-Percha Company, and by reason of the latter's stock ownership, the appellant-corporation. The manager was at least a part time employee of the appellant. The decision of the Unemployment Insurance Appeal Board should be affirmed. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.