In the Matter of DAVID BERG, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. Appellant is a lawyer who employs three stenographers in his own law office. He has an arrangement with three other law offices by which all together use the services of a telephone operator, each paying one fourth of her salary. One of the group has the operator on its payroll and pays her. Appellant reimburses this party by payment of the amount of one fourth of the operator's salary exclusive of social security taxes. Under our decision in *Matter of United Traction Co.* (*Corsi*) (280 App. Div. 291) the operator works for and is the employee of all four participants in the arrangement for her hire and compensation, and hence is an employee of appellant. This is consistent with our decision in *Matter of Miller* (260 App. Div. 888). The decision in *Matter of Fulton Shipoperators P & I Service* (*Corsi*) (273 App. Div. 614) is not controlling under the facts shown here. The decision of the board that appellant is an employer subject to the Unemployment Insurance Law (Labor Law, art. 18) is affirmed, with costs to the respondent. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

■

In the Matter of the Claim of IRENE GERARD, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which affirmed a referee's decision sustaining parts of initial determinations of the respondent. Claimant was employed by a large department store as a salesgirl for some seven years when in March, 1950, she was discharged for the reason that her service had become unsatisfactory. She applied for and received benefits to a total of $806 on a misrepresentation as to her availability for re-employment. She had been relieved from the part of the initial determination which imposed a forfeit penalty of 80 effective days for willful false statements. The evidence is ample to support the findings made that in fact the work for which she was available was that of a salesgirl and that her misleading representation of entitlement to work, instead and only, as a personal shopper, rendered her unavailable for employment within the meaning and intent of the statute, and that accordingly she was not entitled to the benefits paid for. Decision affirmed, without costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.