In the Matter of CHARLES BOAS, INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, July 8, 1954.

*Leon Braun* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran* and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.* For many years Charles Boas carried on business as a cotton converter and, in later years, as importer of jute webbing, with offices in New York City. In 1943 he organized Charles Boas, Inc., the appellant, to take over a part of the growing jute business. He was and is president and sole stockholder of that corporation. The individual and corporate businesses operate in the same offices and with the same facilities.

After the organization of the corporation an agreement between it and Mr. Boas was made whereby the latter was employed as the corporation's general manager. The agreement stated, '' Among his duties he is to make policy as to the purchase and sale of materials and merchandise and to supply employees as, if and when it becomes necessary for their use by the Corporation.'' Boas, Inc., was to be charged with an '' aliquot part '' of the salaries, rent, telephone, stationery and supplies of all description useful to it.

Mr. Boas, as an individual employer, had not been subject to the Unemployment Insurance Law, but for some years he had covered his employees on a voluntary basis. One of his employees was a bookkeeper and another a shipping clerk. Pursuant to the terms of the agreement he supplied these two employees to the corporation on a part-time basis. He paid their wages and was reimbursed therefor by the corporation, the reimbursement eventually being determined on the relationship of the corporation's business to that of Boas, individually. The employees of the corporation, aside from the two persons above referred to, were Boas, as president, and an assistant to

the president. The corporation had made no unemployment insurance contributions, contending that it was not subject to the law.

The Industrial Commissioner made an initial determination holding it to be an employer liable for contributions. The decision was subsequently affirmed by an unemployment insurance referee, whose decision has, in turn, been affirmed by the Unemployment Insurance Appeal Board. This appeal is from the board's decision.

The employer's " subjectivity " depends upon the status of the said bookkeeper and shipping clerk. Appellant claims that they were at all times employees of Boas, individually, and not employees of the corporation. It contends that it fully met the tests of nonemployment proposed in *Matter of Fulton Shipoperators P & I Service (Corsi)* (273 App. Div. 614).

As was noted by this court in *Matter of United Traction Co. (Corsi)* (280 App. Div. 291, 292), the instant matter " is not a case of one corporation contracting to manage another ". It is elemental that a servant may have two masters. When the bookkeeper and the shipping clerk performed services incident to the individual business of Charles Boas and received their pay from him, they were his employees. When he supplied them to Boas, Inc., they became the employees of the corporation. The agreement under which such a shifting of employment occurred did not clothe their individual employer with the characteristics of an independent contractor. His contract with Boas, Inc., did not involve the doing by one contracting party of work of another party which was a part of the usual trade, occupation, profession or enterprise of the first party. (Unemployment Insurance Law [Labor Law, art. 18], § 560, subd. 7.) The agreement was that he should be the general manager of the corporation of which he was also president. His duties and responsibilities as such were in part specified but in nowise limited by the portion of the agreement above quoted. When the employees in question performed the work of the corporation, they were under the direction of the agent of the corporation, its president and general manager, Charles Boas.

The decision should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision affirmed, with costs.