In the Matter of TECHNICON CARDIOGRAPH CORP. et al., Respondents. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, December 28, 1954.

*Nathaniel L. Goldstein, Attorney-General* (*Francis R. Curran* and *Wendell P. Brown* of counsel), for appellant.

*Philip L. Graham* for respondents.

*Per Curiam.* The employers are a group of closely owned and interrelated business organizations consisting of five corporations and two partnerships. The employees work for all the organizations. One unit pays all the employees; but some of the others pay yearly bonuses to some employees. The organization that pays the employees does not charge any part of such compensation to the others; there is no allocation either of salary or of services. It is stipulated the employees are the employees of all of the organizations.

The Unemployment Insurance Appeal Board has sustained a referee's decision that the employees are " joint employees of all the entities " but that allocations should not be made among the several units so as to result, in some instances, in a tax based on the amount of salary exceeding the statutory limit of $3,000 (Labor Law, art. 18, § 518, subd. 1 [Unemployment Insurance Law]), in those cases where the employees received a salary of more than that sum.

The Industrial Commissioner on appeal here argues that since all units are joint employers under the finding of the board, the wages of those employees who receive in excess of $3,000 ought to be allocated to the several units in proportion to the services rendered, this in turn to be measured by the business or sales of each unit. This would break up for the purpose of taxation, units which are not broken up in actual practice, in operation, in employment or in the wages of paid employees.

We think the Appeal Board was right. The " employer " under the stipulation and findings constituted in a unitary sense all the entities of the business operation, and an " employer ", as the statute uses the term, is not liable for a tax on salary paid to an employee above $3,000 (§ 518, *supra*).

Whether in a particular organization there is such singleness of operation, control, services and payment of wages that all the units involved are to be treated singularly as " an employer " will usually be a question of fact; and here the facts of such unity have both been stipulated and found. In actual practice

there was no allocation of services to any unit and no allocation of wages to any unit.

We do not think the Appeal Board is precluded by the decisions on which the Industrial Commissioner relies, from ruling on such a record as this that the employment should not be fragmented to permit breaking through the ceiling of $3,000 as the limit of salary taxability.

This is not a case where there is in actual practice separate allocations of work and salary among employing units such as were before the court in *Matter of United Traction Co. (Corsi)* (280 App. Div. 291), where the employers kept separate books segregating the salaries of the employees involved and segregated their work in practice. In *Matter of Berg (Corsi)* (280 App. Div. 1011), there was specific allocation of salary payments among four employers who paid separately their share of salaries to one who in turn paid the employees. The other decisions relied upon by appellant, such as *Matter of Miller (Miller)* (260 App. Div. 888) and *Matter of Charles Boas, Inc. (Corsi)* (284 App. Div. 586) are not determinative of the issue now before us.

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs to respondents.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to respondents.