In the Matter of RESTAURANT PUBLICATIONS, INC., et al., Appellants. ISADORE LUBIN, as Industrial Commissioner, Respondent.

Third Department, November 16, 1955.

*Philip L. Graham* and *William C. Gehring* for appellants.

*Jacob K. Javits, Attorney-General* (*Francis R. Curran* and *James O. Moore, Jr.,* of counsel), for respondent.

COON, J. Appellants are subsidiary corporations of a parent corporation, which concededly pays contributions on the earnings of the employees involved here up to $3,000 per year. The question is whether, under the particular facts in this case, the employment may be allocated so that assessments based upon

earnings in excess of $3,000 per year may be made against appellants. As the answer to the question depends upon the particular facts, it is necessary to discuss them in some detail.

Ahrens Publishing Co., Inc., hereinafter called " Ahrens ", is the owner of all of the stock of Gehring Publishing Co., Inc., hereinafter called " Gehring ", and Restaurant Publications, Inc., hereinafter called " Restaurant ". The president and treasurer is the same person for all three corporations. All occupy the same offices. All are engaged in publishing trade magazines. Ahrens publishes three magazines, Gehring two, and Restaurant one. Ahrens is responsible for the hiring and firing of all employees, and pays all salaries for all employees. Workmen's compensation insurance upon all of the employees is taken out in Ahrens' name alone. No separate payrolls are maintained by appellants. Restaurant has no bank account at all. Gehring maintains a bank account, but it is used for inter-company transfers only. Only one general ledger is kept by Ahrens for the entire group, although subsidiary books are kept for each *publication* by all three corporations. The same employees work on all the publications. For cost accounting purposes alone, the overhead and salaries of employees are allocated on the books to each particular *publication* for the purpose of determining the financial returns produced by each publication.

The decision of the board that the salaries of employees in excess of $3,000 per annum may be allocated for the purpose of assessing unemployment insurance contributions is apparently based solely upon appellants' allocation of the salaries for their own accounting purposes. Appellants cannot escape the fact that they are separate entities from the parent corporation, but that fact alone should not subject them to liability for contributions if they are not in a realistic sense employers paying wages within the letter and spirit of the Unemployment Insurance Law.

Subdivision 1 of section 518 of the Labor Law provides, in part: " ' Wages ' means all remuneration paid, except that such term does not include remuneration paid to an employee by an employer after three thousand dollars have been paid to such employee by such employer with respect to employment during any calendar year." Section 519 provides: " ' Payroll ' means all wages paid by an employer to his employees." Subdivision 1 of section 570 provided: " Each employer liable under this article shall pay regularly contributions in an amount equal to two and seven-tenths per centum of his payroll."

Although theoretically the employees were joint employees of all three corporations, in actual practice they were paid by one employer, carried on one payroll, and in fact, had but one employer. Whether that employer be considered Ahrens or all of the entities knitted together in one unit, the fact that salaries were allocated to publications for accounting purposes seems little different than the customary practice of allocating overhead costs to various departments of one corporation. (*Matter of Technicon Cardiograph Corp. [Corsi]*, 285 App. Div. 193.)

We think the record here conclusively establishes that in this organization " there is such singleness of operation, control, services and payment of wages that all the units involved are to be treated singularly as ' an employer ' ". (*Matter of Technicon Cardiograph Corp. [Corsi]*, supra, p. 194.) To hold otherwise would be inequitable and not in accord with the purposes and spirit of the Unemployment Insurance Law, as outlined in section 501 of the Labor Law. To reach out for additional contributions on salaries above $3,000 when in fact and in reality there is but one employer and one employment can only result in a disproportionate payment of contributions with no additional benefit to an employee. Cases such as *Matter of United Traction Co. (Corsi)*, (280 App. Div. 291), and *Matter of Berg (Corsi)*, (280 App. Div. 1011) are not controlling here, because the allocation was not merely theoretical for accounting purposes alone, but was carried out in actual practice.

The decision should be reversed on the law, with costs to appellants against the Unemployment Insurance Appeal Board, and the matter remitted.

Foster, P. J., Bergan, Halpern and Zeller, JJ., concur.

Decision reversed, with costs to appellants against the Unemployment Insurance Appeal Board, and the matter remitted.