■ In the Matter of the Claim of ELSIE B. PELTZ, Claimant. HARRY MARCUS et al., Copartners Doing Business as STAR SILK & SUPPLY COMPANY et al., Respondents. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board holding claimant eligible for benefits under the Unemployment Insurance Law and the employer liable accordingly. Star Silk & Supply Company, a copartnership not subject to payment of contributions, on or about January 5, 1954 acquired the capital stock of H. J. Green Co. Inc., a corporation subject to such payments. At that time claimant had been employed by the partnership for over a year, doing bookkeeping, clerical and

secretarial work. Thereafter she did bookkeeping work for both the partnership and the corporation but she remained on the partnership payroll only. There was proof that other employees who prior to the acquisition of the corporation had worked for one or the other of the entities, thereafter worked for both but that each was paid by but one employer. Separate books of account were maintained for each concern. The two business entities were engaged in the business of furrier suppliers and occupied the same premises. There was evidence that orders obtained by each were filled from the partnership's inventory. It is stated in appellant's brief that, " Apparently the reason the co-partnership acquired the stock of the corporation was to increase the possibility of obtaining additional orders. 'They did not want the customers to know that they were the same company.' " We find that the Board's decision was supported by substantial evidence and that it correctly applied the principle determinative of *Matter of United Traction Co. (Corsi)* (280 App. Div. 291) in which employees performing services for two corporations were held to be joint employees of both. Appellant would distinguish other decisions of this court to the same effect (*Matter of Charles Boas, Inc.* [*Corsi*], 284 App. Div. 586, and *Matter of Berg* [*Corsi*], 280 App. Div. 1011) on the ground that in each the primary employer was reimbursed for the services its employees rendered the other entities concerned. Appellant emphasizes that there was no reimbursement or allocation as respected any of the joint employees in this case, three of whom the employers carried on the payroll of one business and two on that of the other. But, in each of the cases referred to, the factor of reimbursement was but one of those upon which the decision was grounded and to recognize that as a controlling test of employment would be to give a thoroughly unrealistic veiw to the salutary purpose of the statute and to afford a ready means of evasion as well. No such considerations were involved in *Matter of Restaurant Pub. (Lubin)* (286 App. Div. 644) or *Matter of Technicon Cardiograph Corp. (Corsi)* (285 App. Div. 193) upon which appellant relies. In those cases, the commissioner sought to allocate the salary of an employee earning more than $3,000 to two or more employers constituting a single business unit, so that each employer would have to pay a contribution upon the allocated portion of this salary up to the statutory maximum of $3,000. We held that to be improper. We termed the action of the commissioner (286 App. Div. 644, 646, *supra*) " inequitable and not in accord with the purposes and spirit of the Unemployment Insurance Law " and further held that it could " only result in a disproportionate payment of contributions with no additional benefit to an employee ". Under those cases, the contributions owing by the employers constituting a single business unit may be computed only upon the first $3,000 of the compensation of any employee, regardless of the number of employers within the unit for which he renders services. This is not inconsistent with the holding that the employee who renders services for two employers, constituting a single business unit, may be treated as the employee of either or both employers for the purpose of determining coverage. The commissioner is free to allocate the burden of the contributions among the employers constituting a single business unit, within the maximum limit specified in the cited cases. Decision unanimously affirmed, with costs to claimant-respondent. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.