In the Matter of the Claim of NORA DE NOYER et al.
   against D. B. CAVANAUGH et al., Appellants.
   STATE INDUSTRIAL COMMISSION, Respondent.

**Master and servant — workman having a general and special
employer — when person injured may look to either or both for
compensation.**

1. The fact that a workman has a general and a special employer
is not inconsistent with the relation of employer and employee
between both of them and himself, and he may, so far as its provi-
sions are applicable, look to one or to the other or to both for com-
pensation for injuries due to occupational hazards (Workmen's
Compensation Law, § 3, subds. 3, 4), and the industrial commission
may make such an award as the facts in the particular case may
justify.

2. Claimant's intestate was driver of a truck owned by the
defendant company, for the operation of which the employer of the
decedent furnished a horse and driver, and his death was caused
by the explosion of a can of gasoline which he was delivering in the
course of his duty. An award was properly made against the gen-
eral employer. (*Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59,
followed.)

*Matter of De Noyer* v. *Cavanaugh*, 177 App. Div. 939, affirmed.

(Argued June 8, 1917; decided July 11, 1917.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
March 19, 1917, which affirmed an award of the state
industrial commission under the Workmen's Compensa-
tion Law.

The facts, so far as material, are stated in the opinion.

*Charles E. Spencer* for appellants. Joseph E. De
Noyer, the deceased, was not, in respect to the accident
which resulted in his death, an employee of appellant
Cavanaugh within the meaning of the provisions of the
Workmen's Compensation Law. At the time of the

18

accident he was the servant of the Crown Oil Company. (*Hartwell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Schmedes* v. *Deffaa*, 214 N. Y. 675; *Higginson* v. *W. U. Tel. Co.*, 156 N. Y. 75; *Wylie* v. *Farmer*, 137 N. Y. 248; *Miller* v. *North Hudson Cont. Co.*, 156 App. Div. 348; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Rheinwald* v. *Builders Brick & Supply Co.*, 168 App. Div. 425; *Matter of Spratt* v. *Sweeney & Gray Co.*, 168 App. Div. 403; *Matter of Waters* v. *Taylor Co.*, 218 N. Y. 248.)

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of counsel), for respondent.    D. B. Cavanaugh was a general employer of the deceased employee and the deceased employee was injured while operating a vehicle in such employment.    (*Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59.)

POUND, J.  On July 21, 1916, Joseph E. De Noyer was employed as driver of a truck by D. B. Cavanaugh, who was in the trucking business at 216 West Jefferson street, Syracuse, N. Y.    The Crown Oil Company was engaged in the business of selling oil and gasoline.  Cavanaugh made an arrangement with it by which he was to furnish it a horse and driver to be used in connection with a tank wagon owned by the company for the delivery of oil and gasoline, and De Noyer was employed by Cavanaugh for the purpose.    While he was engaged in delivering a can of gasoline from the gasoline truck of Crown Oil Company to a store at 710 Grape street, Syracuse, N. Y., and while he was carrying the can of gasoline into the store, the gasoline exploded and his clothes took fire, causing his death.    Award of compensation was made against D. B. Cavanaugh as employer.

This case is on all fours with *Matter of Dale* v. *Saun-*

*ders Bros.* (218 N. Y. 59), in which we held that the general employer who carries on a hazardous employment is liable under the Workmen's Compensation Law for injuries sustained or death incurred by his employees, arising out of and in the course of their employment, although at the time they were working under the direction of a special employer.

We are asked to reconcile our decision in that case with our decision without opinion in *Matter of Nolan* v. *Cranford Co.* (171 App. Div. 959; 219 N. Y. 581) wherein an award against the special employer was upheld on similar facts except that the general employer had but one employee and was himself an employee of the special employer and was not carrying on the business of teaming except in the sense that he furnished a truck and team of horses with a driver to the special employer. It is not necessary to distinguish the cases. They are not in conflict. Where a horse and driver have been let by a general employer into the service of another, the driver is subject to the control and, therefore, is the agent of his general employer as to the care and management of the horse. (*Pigeon's Case*, 216 Mass. 51.) Even where no property of the general employer is intrusted to the employee to be used in the special employment, the general employer pays the compensation, may direct the employee when to go to work and may discharge him for refusal to do the work of the special employer. The industrial commission, therefore, has full power to make an award against the general employer. It does not follow that by the application of this rule the special employer is not to be held in any case. The fact that a workman has a general and a special employer is not inconsistent with the relation of employer and employee between both of them and himself. If the men are under the exclusive control of the special employer in the performance of work which is a part of his business, they are, for the time being, his employees. (*Comerford's Case*, 224 Mass. 571, 573.) Thus

at one and the same time they are generally the employees of the general employer and specially the employees of the special employer. As they may under the common law of master and servant look to the former for their wages and to the latter for damages for negligent injuries, so under the Workmen's Compensation Law they may, so far as its provisions are applicable, look to the one or to the other or to both for compensation for injuries due to occupational hazards (Workmen's Compensation Law [Consol. Laws, chap. 67], § 3, subds. 3, 4), and the industrial commission may make such an award as the facts in the particular case may justify. Cases like *Gibley* v. *State* (89 Conn. 682) and *Rongo* v. *Waddington & Sons* (87 N. J. Law, 395) depend upon the special meaning given to the word "employee" as defined by the statutes construed and are inapplicable here. The order should be affirmed, with costs.

CHASE, COLLIN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.