GEORGE J. MURRAY, Respondent, v. UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

Second Department, May, 10, 1918.

**Workmen's Compensation Law — injury to person employed to guard cars during strike — remedy under statute exclusive.**

A guard furnished to a street railroad company by an incorporated detective bureau to protect passengers and cars from violence during a strike is an employee of the railroad company within the Workmen's Compensation Law, and where the guard, while riding in the car, was injured by a collision his exclusive remedy is under the statute where the company has complied therewith; he cannot maintain an action at law to recover for the injuries sustained.

As the defendant's franchise required it to carry passengers in certain streets it could not delegate that duty to another, and hence the detective bureau which furnished the employees cannot be deemed to have been operating the railroad.

Appeal by the defendant, Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff,. entered in the office of the clerk of the county of Kings on the 12th day of November, 1917, upon the verdict of a jury for $2,500, afterwards reduced by stipulation to $1,500, and also from an order entered in said clerk's office on the 1st day of December, 1917, denying defendant's motion for a new trial made upon the minutes.

In July, 1916, defendant's employees struck, so that defendant sought to obtain others, to run its cars, from the Washington Detective Bureau, Inc., which conducted an employment agency. This bureau furnished defendant with motormen, conductors and guards to the number of about 600, at the price of five dollars each per day, from which the bureau paid the men three dollars a day. The guards were employed to protect passengers and cars from violence. The bureau had a representative at defendant's car barns, where, as the men were called for, they were turned over to defendant's division superintendent, who assigned them to operate the trolley cars being dispatched on the different lines going out from the car barns. Plaintiff sat inside the car as a guard. Another man from this bureau went on the same car as a motorman. The car eventually left the track and collided with an elevated railroad pillar on Boston road near One Hundred and Seventy-fourth street. Two of plaintiff's ribs were fractured by this contact, and he had other injuries. Defendant admitted negligence. Defendant pleaded in ·bar its compliance with the Workmen'₅ Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd.); that it was a common carrier for hire, which is a hazardous occupation within said act. It also averred that plaintiff's injury was sustained by him as an employee, arising out of and in the course of such employment; that at this time defendant had secured compensation for the disability or death of the employees in said employment resulting from accidental personal injury or injuries sustained by said employees arising out of and in the course of their employment, in accordance with section 50 of said act, and, as section 51 required, defendant had posted notices thereof.

At the close of the proofs the court ruled that plaintiff

was not a servant of the railroad company; that on the day of this accident the relation of master and servant did not exist between plaintiff and defendant. To this defendant's counsel duly excepted. The question of damages was the only matter submitted to the jury.

*Alfred T. Davison* [*James M. O' Neill* with him on the brief], for the appellant.

*Henry M. Dater* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondent.

PUTNAM, J.:

The motorman who ran the car against this pillar · was also furnished by this detective bureau. Yet unquestionably he was in the defendant's employ. Otherwise there would be no suit against defendant. Both plaintiff and the motorman were performing services for the interests of defendant. Defendant had the same authority over plaintiff as if it had directly hired him. This detective bureau was not operating this railroad. The obligation under defendant's franchise to carry passengers in certain streets of the city defendant could not delegate to another. Although for purposes of statutory compensation an injured employee's claim is favored to the extent that in certain cases he may look either to the general employer or to the special employer for such compensation (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Matter of Nolan* v. *Cranford Co.*, 219 id. 581), public policy requires that a public carrier like defendant, who has procured such· protection to its servants, should be regarded as a responsible employer within this act. As the facts are not in dispute, we hold that plaintiff's exclusive remedy is properly under· the Workmen's Compensation Law, by presenting his claim to the State Commission.

The judgment and order are, therefore, reversed and complaint dismissed, but without costs in the court below or on this appeal.

Present — JENKS, P. J., THOMAS, RICH, PUTNAM and BLACXMAR, JJ.

Judgment and order reversed and complaint unanimously dismissed, without costs in the court below or on this appeal.