In the Matter of the Claim of ANNA SCHWEITZER,
Respondent, *v*. THE THOMPSON AND NORRIS COMPANY
OF NEW JERSEY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — general and special
employment defined — when servant of general employer sent
to do work for another not a servant of the latter so that he is
entitled to an award for injury against the special employer.**

1. The basis of the Workmen's Compensation Law is the relationship
of master and servant, and the disability or death of the employee for
which compensation is awarded must arise out of and in the course of
his employment in a hazardous occupation.   (Cons. Laws, ch. 67, § 3,
subds. 3, 4, § 10.)   The employment and the hazardous occupation go
together; they cannot be separated.   The general employer or the
special employer, one or both, may be liable, but there must be employ-
ment known and recognized by the common law; the special employer
becomes such because at common law the servant of another becomes
his servant *pro hac vice*.

2. While one may be in the general service of another and never-
theless with respect to particular work may be transferred with his
own consent or acquiescence to the service of a third person so that he
becomes the servant of that person with all the consequences of
the new relation, yet a person may be using another in his work
without making him his servant, and difficulty frequently arises in
determining when this transfer of relationship takes place.   Where
the circumstances show that a servant has been transferred by his
general employer to another under such circumstances as to create that
other a special employer under the rules of the common law, the
workmen's compensation commission may make an award for injuries
received against the general employer or against the special employer
in whose work the employee was injured.   But a company engaged in
a hazardous employment is not liable under the Workmen's Com-
pensation Law for a servant of an independent contractor working for
it unless it is shown that under the circumstances the company was a
special employer of the contractor's servant.

3. Defendant, a paper manufacturing corporation, had an oral
agreement with an auto trucking company to do its trucking at a
stipulated sum per day for each truck, the trucking company to fur-
nish the trucks and chauffeurs, to deliver goods wherever sent by

7

defendant's shipping clerk. If defendant's officers did not like a chauffeur they could complain to the trucking company but could not discharge him. A chauffeur sent with a truck under this agreement was fatally injured while assisting in putting a roll of paper on his truck. *Held*, that the defendant company was not the special employer of the chauffeur and that an award against it on such basis cannot be sustained. (*Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345, 349; *Kellogg* v. *Church Charity Foundation of L. I.*, 203 N. Y. 191, followed; *Matter of Dale* v. *Saunders Brothers*, 171 App. Div. 528; affd., 218 N. Y. 59, distinguished.)

*Matter of Schweitzer* v. *Thompson & Norris Co.*, 191 App. Div. 930, reversed.

(Argued April 15, 1920; decided June 1, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 4, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William H. Foster* and *James B. Henney* for appellants. As between the E. & R. Trucking Company and the Gier Auto Trucking Company, the E. & R. Trucking Company are the general employers of Henry Wichser and the Gier Auto Trucking Company are the special employers. (*Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Nolan* v. *Cranford*, 4 State Dept. Rep. 337; 171 App. Div. 959; 219 N. Y. 581; *Gimber* v. *Kane*, 2 State Dept. Rep. 475; 171 App. Div. 958; *De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Dale* v. *Hual Const. Co.*, 175 App. Div. 284; *Hadden* v. *Stanton*, 9 State Dept. Rep. 294; 171 App. Div. 938; *Lee* v. *Cranford*, 182 App. Div. 191; *Murray* v. *Union Railway Co.*, 183 App. Div. 209.) As between the Gier Auto Trucking Company and the Thompson-Norris Company, the Gier Trucking Company was an independent contractor. (*Hartell* v. *Simonson & Son Company*, 218 N. Y. 345; *Schemedes* v. *Deffaa*, 153 App. Div. 819; 214 N. Y. 675; *Dale* v. *Saunders*, 218 N. Y. 59; *De Noyer* v. *Cavanaugh*, 221 N. Y. 273.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent. Thompson & Norris had the right to discharge or send chauffeurs home if they did not do the work as they wished, and generally they exercised control in reference to the business that the trucks were doing. They were, therefore, special employers of the deceased chauffeur. (*Dale* v. *Saunders Bros.*, 218 N. Y. 59; *De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Dale* v. *Hual Const. Co.*, 175 App. Div. 284; *Gimber* v. *Kane*, 171 App. Div. 958; *Nolan* v. *Cranford Co.*, 219 N. Y. 581.)

CRANE, J. It is well settled that one may be in the general service of another and nevertheless with respect to particular work may be transferred with his own consent or acquiescence to the service of a third person so that he becomes the servant of that person with all the legal consequences of the new relation. (*Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 220.) Difficulty frequently arises in determining when this transfer of relationship takes place. The rule was stated in this court in *Hartell* v. *Simonson & Son Co.* (218 N. Y. 345, 349) to be the following: "A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent contractor, his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence."

The cases of *Kellogg* v. *Church Charity Foundation of Long Island* (203 N. Y. 191) and *Schmedes* v. *Deffaa* (153 App. Div. 819; 214 N. Y. 675) were cited as illustrations of the distinction.

Recognizing this temporary shifting of the relationship of master and servant the question has arisen in this case whether the Workmen's Compensation Law (Cons. Laws, ch. 67) has extended liability beyond either general or

special employment. That is, will one engaged in a hazardous employment be liable to the servant of another who happens to be doing work for him under such circumstances as not to make him a special employer under existing law.

It was intimated in *Matter of Dale* v. *Saunders Brothers* (171 App. Div. 528) that such might be the law. This case was affirmed by this court in 218 New York, 59. The facts briefly were that one Dale was employed as a wagon driver by Saunders Brothers who sent him to cart dirt from a sand bank for one Walsh. While Dale was at work with his team and wagon the sand bank fell upon him and killed him. The claim for compensation was made against the general employers, Saunders Brothers. It was allowed by the Appellate Division and by this court. In affirming the *Dale* case we did not mean to adopt all that was said in the opinion below. It was there stated: " It is not a question of hiring, or of master and servant, but of using and putting the man in the hazardous employment which the act has in view. * * * When it appears that a person is carrying on such hazardous employment for profit and that a person in his service or who he is employing or using therein receives an injury, compensation follows." (p. 531.)

A person may be using another in his work without making him his servant. A man in the trucking business may contract to do all the hauling and delivering for a manufacturer. He becomes an independent contractor for the trucking work. The manufacturer would be using the drivers or chauffeurs in his business but they would not be his employees.

The basis of the Workmen's Compensation Law is the relationship of master and servant. Section 10 reads: " Every employer * * * shall pay * * * compensation * * * for the disability or death of his employee * * * arising out of and in the course of his employment * * *."

The employment and the hazardous occupation go together, they cannot be separated. The general employer or the special employer, one or both, may be liable but there must be employment known and recognized by the common law; the special employer becomes such because at common law the servant of another becomes his servant *pro hac vice.* In this respect the Workmen's Compensation Law has not changed the law.

It was said in our opinion in the *Dale* case: "The doctrine of *respondeat superior* has no application here, nor are the rules of employers' liability for negligence controlling."

But this was said in answer to the claim that the responsibility was all Walsh's as he was a special employer.

In the later case of *Matter of De Noyer* v. *Cavanaugh* (221 N. Y. 273, 275) the claim was again made against the general employer. There one Joseph E. DeNoyer was a truck driver for D. B. Cavanaugh. Cavanaugh made an arrangement with the Crown Oil Company to furnish a horse and driver to be used in connection with a tank wagon owned by the company for the delivery of oil. While DeNoyer was making deliveries he was injured and an award for compensation was made against Cavanaugh, his general employer. In sustaining this award we said of *Dale* v. *Saunders* that we had held in that case that the general employer who carried on a hazardous employment is liable under the Workmen's Compensation Law for injuries sustained or death incurred by his employee, arising out of and in the course of his employment, although at the time he was working under the direction of a special employer.

It was further stated by Judge POUND in the opinion: "It does not follow that by the application of this rule the special employer is not to be held in any case. The fact that a workman has a general and a special employer

is not inconsistent with the relation of employer and employee between both of them and himself. If the men are under the exclusive control of the special employer in the performance of work which is a part of his business, they are, for the time being, his employees. (*Comerford's Case,* 224 Mass. 571, 573.) Thus at one and the same time they are generally the employees of the general employer and specially the employees of the special employer. As they may under the common law of master and servant look to the former for their wages and to the latter for damages for negligent injuries, so under the Workmen's Compensation Law they may, so far as its provisions are applicable, look to the one or to the other or to both for compensation for injuries due to occupational hazards (Workmen's Compensation Law [Consol. Laws, chap. 67], § 3, subds. 3, 4), and the industrial commission may make such an award as the facts in the particular case may justify."

Where, therefore, the circumstances show that a servant has been transferred by his general employer to another under such circumstances as to create that other a special employer under the rules of the common law as heretofore decided the workmen's compensation commission may make an award for injuries received against the general employer or against the special employer in whose work the employee was injured. This is not the same as saying that one using the servant of another is liable simply because the servant is performing his work when the relationship of special employer and employee would not exist at common law. The case cited (*Comerford's Case, supra*) indicates that such was our holding. In that case a contractor had agreed to construct a small brick garage and applied to a master teamster to take some concrete windowsills, wheelbarrows, picks and shovels out to the work on the following morning. An employee of the teamster having been sent with the team was injured by one of the sills falling upon him and it was held that the

employee of the master teamster was not in the employ of the contractor at the time of his injury.  A statute in Massachusetts, however, reads as follows (St. 1911, ch. 751, part III, § 17): " If a subscriber enters into a contract, written or oral, with an independent contractor to do such subscriber's work, or if such a contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work were executed by employees immediately employed by the subscriber be liable to pay compensation under this act to those employees, the association shall pay to such employees any compensation which would be payable to them under this act if the independent or subcontractors were subscribers."

Under this statute it was said by the court that the industrial accident board could determine whether the work performed by Comerford, the driver, was part of the business of McDonald & Joslin Company, the contractors, or was merely ancillary and incidental thereto.

We have no such statute in this state and unless the employee hired out to another becomes his employee under the *ad hoc* doctrine (*Cannon* v. *Fargo*, 222 N. Y. 321) the Workmen's Compensation Law only applies to the general employer.

It was said that the case of *Matter of Nolan* v. *Cranford Co.* (4 State Dept. Rep. 337; affd., 171 App. Div. 959; 219 N. Y. 581) is opposed to this ruling.  No opinions were written in the appellate courts.  Findings in that case made by the industrial commission established that Nolan, the employee of one Kane, was at all times under the direction and control during the working hours of Cranford & Company, the special employer.  This constituted within the rules first stated in this opinion a special employer at common law.

Understanding this to be the rule we shall now attempt to apply it to the facts of this case to determine whether

or not the award here allowed against the alleged special employer was proper.

Thompson & Norris Company of New Jersey had a factory for manufacturing paper goods at 212 Concord street, Brooklyn. This company had an agreement with Herman Gier doing business under the name of Gier Auto Trucking Company whereby Gier was to do the trucking for the Thompson & Norris Company at the stipulated sum of $15 per day for each truck, Gier to furnish trucks and chauffeurs. Gier testified: " I do work for Thompson-Norris Co., corrugated paper factory, I do their business as they want it, ten trucks or twelve trucks or one truck, or two trucks, I send them what trucks they need, with no contract. I have three trucks of my own and when I run short I go outside and hire trucks from somebody else. * * * I give the shipping clerk the authority to send my trucks where he pleases."

If the company did not like the chauffeur they would tell Gier not to send him. It had no right to discharge him but would notify his employer, Gier. Gier by oral contract agreed to do the trucking for the Thompson & Norris Company at $15 per truck per day and the only control which the company had over the chauffeurs was to tell them where to go and what to bring or carry. On the day in question the company wanted more trucks than Gier had, whereupon he sent to the E. & R. Trucking Company for an additional truck. This was operated by a chauffeur named Henry Wichser, under the same conditions and arrangements as were Gier's trucks. The E. & R. Trucking Company received $15 a day. Wichser was paid by it $4 a day.

Wichser stood in the same relationship to the Thompson & Norris Company as did Gier's chauffeurs.

Wichser was injured while assisting in putting a roll of paper on his truck. From his injuries he died. Was he at the time in the employ of Thompson & Norris Company of New Jersey?

Under the authorities of *Hartell* v. *Simonson & Son Co.* (*supra*) and *Kellogg* v. *Church Charity Foundation of L. I.* (*supra*) this company was not the special employer of Wichser and an award against it on such basis cannot be sustained.

The order appealed from should be reversed and the claim dismissed, with costs in all courts against state industrial commission.

CHASE, J. (dissenting).  I dissent solely on the ground that I do not think either Gier or Reyelts and Eppler were independent contractors.  The claimant pursuant to his employment was engaged at the time of his injury with a conceded employee of the Thompson & Norris Company loading the truck of which he was in charge. The Thompson & Norris Company engaged trucks and chauffeurs at a given price per day as laborers are employed from any agency, not to perform a separate and independent piece of work but to do the work of the Thompson & Norris Company of a particular kind in connection with their general work as manufacturers of paper goods.  The claimant was required, in connection with other employees of the Thompson & Norris Company, to load the truck and then after driving the same to the place for the delivery of the goods, to assist such employees in unloading it, all in pursuance of the directions of the Thompson & Norris Company.  These facts are sufficient to sustain the finding of the commissioners, in substance, that the claimant was a special employee of the Thompson & Norris Company.  (*Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59; *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Matter of Nolan* v. *Cranford Co.*, 219 N. Y. 581.)

HISCOCK, Ch. J., CARDOZO and McLAUGHLIN, JJ., concur with CRANE, J.; HOGAN and ELKUS, JJ., concur with CHASE, J.

Order reversed, etc.