Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNA MACKEY, Respondent, for Compensation under the Workmen's Compensation Law, for Herself and Children, for the Death of JOHN MACKEY, *v.* THE CITY OF NEW YORK, Employer and Self-Insurer, Appellant.

Third Department, November 10, 1920.

Workmen's Compensation Law — when municipality not liable as special employer for death of driver of team — accident at time driver was returning to his general employer.

Where the city of New York contracted with the owner of a team for the use of said team with a driver employed by the owner, and the driver having finished his daily work for the city and while returning to his employer was killed by reason of the fact that a wheel came off the wagon, an award against the city is not justified.

The decedent was killed in the duties of his general employment and not at the time of his special employment by the city, so that the city was not at the time employing the decedent in a hazardous employment, and the accident did not arise out of and in the course of his employment with the city.

APPEAL by the defendant, The City of New York, from a decision and award of the State Industrial Commission, made on the 24th day of July, 1919, and entered in the office of said Commission on the 28th day of July, 1919, and also from a decision and award of said Commission made on the 30th

day of December, 1919, and entered in the office of said Commission, affirming the aforesaid award.

*John P. O'Brien, Corporation Counsel* [*John F. O'Brien, William A. Walling* and *Isaac F. Cohen* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Woodward, J.:

There is no dispute as to the facts in this case. The decedent was employed by one Schauerte as a driver and was paid the sum of eighteen dollars per week. The city of New York contracted with Schauerte for the use of the latter's team with a driver at the rate of six dollars and fifty cents per day. The decedent with the team reported to a section foreman of the city of New York, who directed him where and when to have his wagon loaded with garbage and ashes. Usually the work began at eight o'clock in the forenoon and closed at five in the afternoon. On the day of the accident it rained, and the section foreman permitted decedent to work through the noon hour for the purpose of quitting earlier at night. Decedent's wagon was loaded for the last time at about three-fifteen P. M., on the 1st day of May, 1919. He went to the dumping ground about one mile away and unloaded his wagon and started for the stable of his employer, Schauerte. It was while he was thus engaged in returning to his employer's barn at Walcott and Steinway avenues, at about four o'clock in the afternoon, that a wheel came off the wagon and threw decedent to the pavement, producing injuries from which he died on May 6, 1919. The State Industrial Commission has made an award against the city of New York, and appeal comes to this court. The State Industrial Commission attempts to justify the award on the theory that under the decision in *Matter of De Noyer* v. *Cavanaugh* (221 N. Y. 273) the Commission has an option to make an award against either the general or special employer.

What was held in the case relied upon was that a man might be in the employ of both a general and a special employer, and that if the man was under the exclusive control of the

special employer in the performance of work which is a part of his business he is, for the time being, an employee of the special employer; that under such circumstances he might look to the general employer for his compensation, and to his special employer for damages for injuries, as under the common law. But the same case recognized as law the rule laid down in *Pigeon's Case* (216 Mass. 51) that " where a horse and driver have been let by a general employer into the service of another, the driver is subject to the control and, therefore, is the agent of his general employer as to the care and management of the horse." In the present case, therefore, the decedent was not, at the time of the accident, in the employ of the city of New York. He had completed his day's work for the special employer and was returning the team to the barn of his general employer. He was in the care and management of the team; he was fulfilling the duties and obligations of his general employment, and not that of his special employment, at the time of the accident, and the city of New York could not be held liable for the injury because it was not an employer, for it was not employing the decedent in a hazardous employment (Workmen's Compensation Law, § 3, subd. 3, as amd. by Laws of 1917, chap. 705), and the decedent was not injured by an accident arising out of and in the course of his employment in removing ashes or garbage, provided for in group 13, but while driving a vehicle, provided for in group 41 of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705). After the work for the city of New York was done for the day the decedent reverted to the complete control of his general employer; he was managing and caring for the team, and the accident arose out of and in the course of the employment in driving the team back to the stables of the general employer. (See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.)

The award should be reversed.

Award reversed and claim dismissed.