Paul H. Bird, Appellant-Respondent, *v.* New York State Thruway Authority, Respondent-Appellant.

Fourth Department, July 14, 1959.

*De Graff, Foy, Conway & Holt-Harris* (*John T. De Graff, John J. Kelly, Jr., and John T. De Graff, Jr.,* of counsel), for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Jean R. McCoy* with *M. James Conboy* of counsel), for respondent-appellant.

GOLDMAN, J. This appeal presents the question of the lent-employee doctrine as applied to workmen's compensation. The question is raised under somewhat novel circumstances. The action was brought by Paul H. Bird, the claimant, against defendant New York State Thruway Authority (hereinafter referred to as Thruway) in the Court of Claims.

For nine years prior to the accident which gives rise to this appeal claimant had been a senior engineer geologist in the Bureau of Soil Mechanics, Department of Public Works, State of New York. His position placed him in the competitive class of the civil service. By a letter to the Chief Engineer of the Department of Public Works the Thruway requested the assistance of a member of the engineer's staff for "a few conferences and one or two field trips * * * [to] enable us to progress an additional well program" for secondary or stand-by water sources for Thruway restaurants. The Department of Public Works some weeks later complied with the request and directed Bird to give this limited aid to the Thruway. Bird was familiar with the job, having some time in the past rendered a similar service for the Thruway.

Accompanied by one Sander, a Thruway employee, who drove a Thruway-owned vehicle, Bird travelled along the Thruway stopping at restaurant sites in order to make the necessary survey. Bird would point out suitable well locations and Sander would take notes. About 12:30 P.M., while the two men were proceeding toward the next location, the Thruway-owned automobile driven by Sander struck a deer on the highway and Bird suffered serious permanent injuries. The Court of Claims has found, and this finding is supported by the evidence, that the accident was caused by Sander's negligence.

In denying recovery against the Thruway, the Court of Claims Judge held that claimant's sole remedy was workmen's compensation because at the time of the accident claimant was in the general employ of the Department of Public Works and the special employee of the Thruway.

At the outset, the relationship between the Thruway and the Department of Public Works must be considered. The Thruway is a public corporation created by article 3 of the Public Authorities Law, enjoying a separate existence but exercising a governmental function. (*Malone* v. *State of New York*, 285 App. Div. 1218, affd. 1 N Y 2d 837; *Pantess* v. *Saratoga Springs Auth.*, 255 App. Div. 426.) Nothing said in *Easley* v. *New York State Thruway Auth.* (1 N Y 2d 374) detracts from this status. (*Matter of Plumbing, Heating, Piping & Air Conditioning Contr's. Assn.* v. *New York State Thru-*

*way Auth.,* 5 N Y 2d 420.) Public authorities are not integral parts of the State government. The corporate entity is interposed to protect the State from liability and to free public projects from restraints otherwise applicable to State government. (See 1951 Atty. Gen. 130, 132.)

Nothing in article 3 of the Public Authorities Law requires equation of the Thruway with the State. Section 355 of that statute permits transfer of personnel between the Thruway and State agencies on the approval of department heads and the Budget Director. This section would seem to encompass permanent transfers of personnel and is not applicable to the present case. Section 362 of the Public Authorities Law provides for assistance to the Thruway by State officers and boards. At the Thruway's request engineering services shall be performed by the Department of Public Works and it was under this section that the Thruway requested services of a Department of Public Works engineer. Respondent contends that this section required the Department of Public Works to furnish an engineer to assist the Thruway upon its request. It does not follow, however, that the Department of Public Works relinquished control of Bird to the Thruway, nor does it follow that the Thruway and the Department of Public Works were one for the purposes of employment. For the purpose of this appeal, the Department of Public Works and the Thruway should be treated as two private corporations would be treated in deciding which was the employer of Bird at the time of the accident.

In section 48 of volume 1 of Larson on Workmen's Compensation the general rule is stated as follows:

" § 48.00 When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

" (a) The employee has made a contract of hire, express or implied, with the special employer;

" (b) The work being done is essentially that of the special employer; and

" (c) The special employer has the right to control the details of the work.

" When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation."

An examination of the New York cases indicates that such a logical analysis is not followed. Rather, a question of fact is involved of which no one element is decisive. It was stated in *Braxton* v. *Mendelson* (233 N. Y. 122, 124) that: " Ordinarily

no one fact is decisive. The payment of wages; the right to hire or discharge; the right to direct the servant where to go, and what to do; the custody or ownership of the tools and appliances he may use in his work; the business in which the master is engaged or that of him said to be a special employer; none of these things give us an infallible test. At times any or all of them may be considered. The question remains: In whose business was the servant engaged at the time?"

Certainly if one factor is to be given greater weight than any of the others it would be the matter of control. This remained solely in the Department of Public Works which had hired Bird and was the only party which could discharge him. That the right to control is an important element in determining the employee's status has been recognized in several decisions. (See *Ramsey* v. *New York Cent. R. R. Co.*, 269 N. Y. 219; *Irwin* v. *Klein*, 271 N. Y. 477.) Control is presumed to continue in the general employer in the absence of proof that it has passed to a second employer. The party with power to control rather than the party temporarily designating the place of work, the details and the time of the work is the party who is the employer. (*Bartolomeo* v. *Bennett Contr. Co.*, 245 N. Y. 66.) This rule has been uniformly applied in cases where trucks or automobiles are hired out for specific jobs or for periods of time. (*McNamara* v. *Leipzig*, 227 N. Y. 291; *Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97; *Braxton* v. *Mendelson, supra*; *Irwin* v. *Klein, supra*.)

Applying the test of control to the present case, it appears that Bird was not under control of the Thruway. As an employee of the Department of Public Works he was subject to the orders of his superior, the Chief Engineer, and was required to carry out his orders. He was sent to the Thruway to do a specific job at the Thruway's request pursuant to section 362 of the Public Authorities Law. He worked independently, controlled his own movements, planned and carried out the details of the assignment and established his own time. While the Thruway provided transportation this fact does not establish its control over Bird nor does it demonstrate relinquishment of control by the Department of Public Works. (*Bartolomeo* v. *Bennett Contr. Co., supra*.)

It can be argued that the work performed was essentially for the benefit of the Thruway. In the hired vehicles cases both the general employer and the lessee of the vehicle obviously benefit from the relationship but " Such tests and rules are necessary guideposts for the proper application of the principles of the law of agency which underlie the rule of *respondeat*

*superior* \* \* \* Confusion arises only in definition of what constitutes the ' business ' of the employer and what constitutes ' control and right of direction.' " (*Irwin* v. *Klein*, 271 N. Y. 477, 485, *supra.*) The test of conferral of benefit should be discounted in the present case because of the nature of the work performed and the relationship of the parties concerned.

The question of the employee's consent to a new employment relationship is most important in cases where the issue is vicarious liability of the master. But such a test may be used in analyzing the present case. The record does not indicate any express or implied agreement on behalf of claimant to accept the Thruway as his employer nor any transfer from one payroll to the other. No compensation was made to the Department of Public Works for Bird's services in the form of direct payment to him or to the Department of Public Works; no contribution was made to his retirement benefits and in fact nothing was done by the Thruway to affect his status as a Department of Public Work employee. Bird was rendering this assistance merely because he had been directed to do so by his superior in the Department of Public Works. The fact that claimant did not object (as of course he had no right to do) to serving the Thruway and the fact that he had served the Thruway on a previous occasion does not indicate that he agreed to accept the Thruway as his employer in place of the Department of Public Works. Bird's superior had written the Thruway that the department was pleased to assist the Thruway. This statement is completely compatible with the conclusion that the Department of Public Works was providing consultative assistance but not transferring its employee to the Thruway.

The courts of New York have held that an employee may have both a general and special employer. It was stated in *De Noyer* v. *Cavanaugh* (221 N. Y. 273, 275–276) that: " The fact that a workman has a general and a special employer is not inconsistent with the relation of employer and employee between both of them and himself. If the men are under the exclusive control of the special employer in the performance of work which is a part of his business, they are, for the time being, his employees. \* \* \* Thus at one and the same time they are generally the employees of the general employer and specially the employees of the special employer. As they may under the common law of master and servant look to the former for their wages and to the latter for damages for negligent injuries, so under the Workmen's Compensation Law they may, so far as its provisions are applicable, look to the one or to the other or to both for compensation for injuries due

to occupational hazards (Workmen's Compensation Law [Consol. Laws, chap. 67], § 3, subds. 3, 4), and the industrial commission may make such an award as the facts in the particular case may justify.''

This case has been followed. (*Matter of Dennison* v. *Peckham Rd. Corp.*, 295 N. Y. 457; *Matter of Kucharuk* v. *McQueen*, 221 N. Y. 607; *Matter of Cook* v. *Buffalo Gen. Hosp.*, 283 App. Div. 899; *Matter of Diaz* v. *Ulster Vegetable Growers Co-op.*, 282 App. Div. 426, affd. 306 N. Y. 859; *Matter of Hill* v. *Samaritan Hosp.*, 273 App. Div. 828, mod. on other grounds 298 N. Y. 182.) And it was decided in the *Cook* case (*supra*) that there was no legal requirement that the award be apportioned between the general and special employers. The cases cited above do not draw the nice distinctions suggested by Larson in determining in whose employment an employee is at a given time. In the case at bar Bird made no claim for a compensation award. There is a difference in emphasis where the claimant in a compensation case receives an award and the issue becomes one between which insurance carrier of two employers should bear the loss. This distinction was recognized in the *Dennison* case (*supra*, p. 460): '' We think the proven facts upon which rests the award herein are subject to the rule that — *unlike a case involving ad hoc employment brought in a court of law* — an award may be made in a workmen's compensation case against *both* the general and the special employer.'' (Emphasis supplied.)

In the following cases compensation was urged as claimant's sole remedy: In *Matter of Schweitzer* v. *Thompson & Norris Co.* (229 N. Y. 97, *supra*) it was held that the lessee of a truck and driver had not sufficient control to be held liable for compensation to the injured driver. In *Murray* v. *Union Ry. Co.* (229 N. Y. 110) the employee recovered in negligence against the defendant because it was found that the element of consent was not present and, therefore, workmen's compensation was not plaintiff's exclusive remedy.

In *Bartolomeo* v. *Bennett Contr. Co.* (245 N. Y. 66, *supra*) an employee of the lessee company was killed by a rented machine operated by employees of the lessor but under the lessee's direction. The court held that it was error to hold that the lessor's men were fellow servants of the deceased because the deceased's employer did not control the machine or its operators. The *Ramsey* case (269 N. Y. 219, *supra*) involving a similar fact situation reaches the same result because of absence of control. (See, also, *Sweet* v. *Board of Educ.*, 290 N. Y. 73

[no contract and no control]; *Gardner* v. *1111 Corp.*, 286 App. Div. 110, affd. 1 N Y 2d 758.)

There is a further distinction between the present case and the cases following *De Noyer* v. *Cavanaugh* (221 N. Y. 273, *supra*). The latter cases involve drivers and laborers while the instant case involves a professional engineer of high rank in civil service. Bird was not a laborer, but was a senior engineering geologist, a position requiring the exercise of independent judgment. He was answerable only to his superiors in the Department of Public Works and was not under the direction or control of the Thruway.

The Trial Judge saw only two alternatives; either the claimant was an independent contractor or he was a special employee of the Thruway. He determined that Bird was not an independent contractor and held that he must therefore be a special employee of the Thruway. There is a third alternative, however, the claimant might have been the employee of an independent contractor. The Department of Public Works may well be regarded as such — it occupied a position similar to that of a private laboratory or a firm of scientific consultants rendering a technical service. The employees of an independent contractor while engaged in rendering such services do not become special employees of the firm for which the services are furnished. Applying this alternative, the claimant did not become a special employee of the Thruway and therefore is not barred from recovering from it damages for the negligence of its employee. For these reasons we hold that claimant was not a fellow servant of Sander and, therefore, may bring an action for his damages against the Thruway in the Court of Claims.

The judgment should be reversed and a new trial granted. Defendant's cross appeal should be dismissed.

All concur. Present— McCURN, P. J., KIMBALL, WILLIAMS, GOLDMAN and HALPERN, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the claimant to abide the event. Defendant's cross appeal dismissed.