■ In the Matter of the Claim of RAYMOND HOGAN, Respondent, v. LEO J. MAHAR, JR., et al., Respondents, and LEO J. MAHAR, SR. et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and his insurance carrier from a decision and award of the Workmen's Compensation Board, the only issue being as to the finding that appellant employer was the general employer of claimant and liable for one half of the award. The status and liability of the respondent special employer are conceded. Appellant, a funeral director, employed claimant to drive a hearse and an ambulance and to perform general work. Claimant was regularly employed and was paid $60 per week regardless of whether business was slack or active, except as wages at the same rate may have been paid by the special employer for some part or all of the time claimant worked for him. It is clear, however, that the slack periods were more frequent than the occasions on which the special employer needed claimant's services and that except on those occasions appellant paid claimant's full wages during his idle time and that claimant's only additional work was for the respondent special employer. The latter, who was appellant's son and a contractor, employed claimant to drive trucks. There was testimony that when the question of additional employment was first broached appellant asked claimant if he would "mind helping" respondent and said that his pay "would be the same". Appellant conceded an "understanding" that when he needed claimant, he would get in touch with his son or with claimant and claimant would come off the job; and appellant indicated that this stipulated control over claimant, even while he was actually working on the other job, was on occasion exercised. Although there was testimony that respondent special employer paid claimant for all the time that claimant worked, claimant said that he did not and respondent's payroll records and the withholding slips issued by him clearly support claimant's testimony; and the very nearly inescapable inference is that for certain periods of the special employment claimant was paid by appellant. Equally strong is the inference that from the arrangement for a special employment appellant derived material benefit in that, in a business subject to slack periods, he commanded or had first call upon the full time services of an employee but was relieved from paying him during some periods of idleness. (Cf. 1 Larson, Workmen's Compensation Law, § 48.22, p. 715, n. 64.) The board's determination was a factual one, upon evidence which seems to us substantial and such as to bring the case within the legal concept of general-special employment (cf. *Matter of De Noyer* v. *Cavanaugh,* 221 N. Y. 273, 275–276), and, accordingly, may not be disturbed by us. None of the factual elements which we deem decisive of the case before us appeared in those relied upon by appellants, viz., *Matter of Dahoda* v. *Simmons* (11 A D 2d 842); *Matter of Mallon* v. *Lewisohn and Sons* (282 App. Div. 784, motion for leave to appeal denied 306 N. Y. 980). We find no merit in the remaining points of appellants' argument. Decision and award unanimously affirmed, with one bill of costs to respondents employer and carrier and respondent Workmen's Compensation Board.