Vincent A. Lupiano, J.
Defendant City Wide Scrap Metal Co., Inc., moves for an order pursuant to rule 103 of the Buies *109 of Civil Practice striking out paragraph Tenth of the complaint and thereupon for dismissal of the complaint pursuant to subdivisions 1 and 4 of rule 106. Defendant moves in the alternative for an order dismissing the complaint pursuant to subdivision 1 of rule 107.
Defendant Manpower, Inc., is a contractor of unskilled and semi-skilled labor. Pláintiff was employed by the defendant Manpower and was contracted out to the defendant City Wide on September 7, 1961. At the request of City Wide plaintiff returned to the situs on September 8, 1961 for the purpose of discussing further and specific employment by the defendant City Wide at an increased salary over that paid to the plaintiff by the defendant Manpower, defendant City Wide requesting the plaintiff to forego his employment with the defendant Manpower. In the course of these discussions, it is alleged, the plaintiff was requested to assist in the movement of a bale of scrap metal which resulted in the accident and injury of which complaint is made. Finally, it is alleged that the injuries sustained are not compensable or within the purview of the Workman’s Compensation Law, that the defendants failed to secure payment of compensation, that the defendant City Wide as general contractor of plaintiff’s services through the defendant Manpower is liable at common law, or, in the alternative, the accident occurred outside the scope of employment, in that on September 8, 1961 plaintiff was not employed by Manpower and had not yet been in the employ of defendant City Wide.
If plaintiff by-passed the defendant Manpower, the latter cannot be held as an employer or as the negligent party (see Matter of De Noyer v. Cavanaugh, 221 N. Y. 273; Matter of Smith v. Venetian Lamp Co., 5 A D 2d 12). Plaintiff alleges that he had abandoned defendant Manpower as his employer, and upon that basis there would be no compensable injury or action against Manpower at common law. However, there could be a compensable injury at best with respect to the defendant City Wide if the plaintiff was in the course of discussions with that defendant of arrangements for employment by it. Accordingly, no cause of action may be considered to be set forth in the complaint as to either defendant. However, since plaintiff has alleged on what appears to be several conflicting bases or theories, permission will be granted to serve an amended complaint within 20 days after service of a copy of this order with notice of entry thereof.
The motion is granted accordingly.
*110 (On Motion by defendant Manpower, Inc.)
Defendant Manpower moves for dismissal of the complaint pursuant to subdivision 1 of rule 107. The motion is granted, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry thereof. See disposition of companion motion published simultaneously herewith.