■ TERRENCE L. O'BRIEN et al., Respondents, v GARDEN WAY MANUFAC-TURING, INC., et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered August 17, 1978 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint. Employed by Tri-City Manpower, Inc. (Manpower), a company which supplies temporary help to other businesses, plaintiff was assigned to work at Garden Way Manufacturing, Inc. (Garden Way). Plaintiff alleges that he was injured while working at Garden Way on September 3, 1975 and instituted this action against Garden Way and one of its employees to recover damages for personal injuries. Defendants, by their answer, allege that plaintiff was a special employee and raise the exclusive remedy provided by the Workers' Compensation Law as an affirmative defense (Workers' Compensation Law, §§ 11, 29, subd 6). Defendants subsequently moved to dismiss the complaint on said defense and Special Term denied the motion on the ground that it was a question of fact as to whether plaintiff had become a special employee. It is well settled that a worker may have both a general and a special employer *(Matter of De Noyer v Cavanaugh,* 221 NY 273; *Bird v New York State Thruway Auth.,* 8 AD2d 495). The general rule is that the question of whether a loaned servant has become a special employee is for the fact finder to decide *(Hill v Erdle Perforating Co.,* 53 AD2d 1008; see *Stone v Bigley Bros.,* 309 NY 132; *Burton v American Bridge Co.,* 297 NY 993), and the presumption is that the general employer remains the sole employer *(Bartolomeo v Bennett Contr. Co.,* 245 NY 66; *Hill v Erdle Perforating Co., supra).* While there are many factors to consider in deciding this question, the most important is who has the right to control and direct the worker *(Irwin v Klein,* 271 NY 477; *Bird v New York State Thruway Auth., supra).* In the instant case, the moving papers, as well as those in opposition, raise questions of fact which would make disposition of this case by summary judgment inappropriate. The agreement between Manpower and Garden Way placed certain restrictions on the type of work which plaintiff could perform. Plaintiff was not, for instance, to be entrusted with valuables or allowed to operate machinery or motor vehicles

without Manpower's prior written consent. Manpower, not Garden Way, had the right to terminate his employment. Furthermore, there were indications that plaintiff was treated in a different manner than Garden Way's regular employees. Plaintiff signed a guest book rather than punch a time clock, was not issued an identification card, did not wear a Garden Way uniform, and was not permitted to participate on company athletic teams. Thus, while there is little question that Garden Way exercised extensive control over what jobs plaintiff performed and how he did them, we agree with Special Term's holding that plaintiff was not a special employee of Garden Way as a matter of law. Accordingly, the order of Special Term denying defendants' motion is affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.