RICHARD CYBULSKI et al., Respondents, v BETHLEHEM STEEL CORPORATION, Appellant and Third-Party Plaintiff-Appellant. STEPHEN VALVO, Doing Business as VALVO TRANSPORT, Third-Party Defendant-Respondent. (Appeal No. 1.) [668 NYS2d 420] —Order unanimously affirmed with costs. Memorandum: Defendant and third-party plaintiff, Bethlehem Steel Corporation (Bethlehem), appeals from two orders, the first granting the motion of third-party defendant, Stephen Valvo, doing business as Valvo Transport (Valvo), for summary judgment dismissing the third-party complaint, and the second denying Bethlehem's cross motion for summary judgment dismissing the complaint. Bethlehem contends that it is entitled to summary judgment dismissing the complaint because plaintiffs failed to adduce any competent evidence showing that Richard Cybulski (plaintiff) was struck by a chain hanging from a mobile overhead crane as a result of the negligence of Bethlehem's crane operator. Bethlehem contends that plaintiff sustained his injury in some manner not attributable to Bethlehem's negligence. Alternatively, Bethlehem contends that Supreme Court erred in granting Valvo's motion because there are triable issues of fact concerning whether Valvo had control over plaintiff at the time of the accident and whether Valvo negligently trained plaintiff.

The court properly denied Bethlehem's cross motion for summary judgment. There are triable issues of fact concerning whether Bethlehem's crane operator was negligent in allowing the chain to strike plaintiff. Contrary to Bethlehem's contention, it is not dispositive that plaintiff did not see what hit him. It can reasonably be inferred from the circumstances surrounding the accident that plaintiff was struck by the swinging chain.

The court also properly granted Valvo's motion for summary judgment dismissing the third-party complaint. The record establishes as a matter of law that Valvo leased both the trailer and its driver (plaintiff) to Detroit-Pittsburgh Transport (Detroit-Pittsburgh) and that, at the time of the accident, plaintiff was under the sole direction and control of Detroit-Pittsburgh. Where, as here, the right and obligation to exercise full control over all details of the servant's work have been relinquished to a special employer, that transfer of control relieves the general employer of liability for all but its duty to furnish a competent servant (*see, Irwin v Klein*, 271 NY 477, 484; *McNamara v Leipzig*, 227 NY 291, 294-296; *Bird v New York State Thruway Auth.*, 8 AD2d 495, 498; *see generally*, 53 NY Jur 2d, Employment Relations, §§ 330-331). The undisputed proof is that Valvo furnished Detroit-Pittsburgh with a

competent and highly experienced driver, and there is no evidence that Valvo failed to train plaintiff properly. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.