■ LEON H. EDDY et al., Respondents, v AUGUST E. WHITE, Defendant, and COUNTY OF OTSEGO, Defendant and Third-Party Plaintiff-Appellant. TOWN OF PLAINFIELD, Third-Party Defendant-Respondent. [759 NYS2d 200] —Mercure, J.P. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered July 18, 2002 in Otsego County, which, inter alia, denied defendant County of Otsego's motion for leave to amend its answer.

In July 1999, plaintiff Leon H. Eddy, the Superintendent of Highways for third-party defendant, Town of Plainfield, suffered serious injuries when he was struck by an automobile driven by defendant August E. White. At the time, Eddy and several other town highway employees were assisting members of a work crew employed by defendant County of Otsego in the installation of a culvert pipe on private property adjacent to County Highway 21 in the town. In February 2000, Eddy and his wife commenced this action against White and the County, alleging, among other things, that the County had failed to provide adequate warning signs. The County instituted a third-party action against the Town in May 2000.

After a note of issue was filed, the County moved for leave to amend its answer to add an additional affirmative defense that Eddy acted as the County's "special employee" on the day of the accident and, therefore, his recovery was exclusively limited to workers' compensation benefits (*see* Workers' Compensation Law §§ 11, 29 [6]). The County simultaneously moved to strike the note of issue on the ground that additional witnesses needed to be deposed. Plaintiffs opposed the motion and, alternatively, cross-moved for partial summary judgment dismissing the workers' compensation defense. The Town cross-moved for summary judgment, seeking dismissal of the third-party complaint.

Supreme Court denied the County's motions, concluding that the County could have asserted its workers' compensation

defense months earlier and that the defense lacked merit. With respect to the County's motion to strike the note of issue, Supreme Court concluded that the issue was moot because the remaining deposition had been completed.* The court also granted the Town's cross motion and dismissed the third-party complaint. The County now appeals.

"It is firmly established that leave to amend a pleading under CPLR 3025 (b) is freely given in the exercise of the trial court's discretion, provided there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit" (*New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866 [1996] [citation omitted]). Further, " 'we do not generally infringe upon a trial court's exercise of its discretion on this issue' " (*Hassan v Schweizer*, 277 AD2d 797, 799 [2000], quoting *Mente v Wenzel*, 158 AD2d 775, 777 [1990], *lv denied* 76 NY2d 701 [1990]; *see also Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Here, the County asserts that Supreme Court erred in denying its motion to amend because it demonstrated, among other things, merit. We disagree.

Whether a general employee of one employer is in the special employ of another generally presents a question of fact (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *Matthews v Town of Morristown*, 286 AD2d 535, 536 [2001]). "General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp., supra* at 557 [citations omitted]). " 'Principal factors in determining whether a special relationship exists include the right to control, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work' " (*Sherman v Reynolds Metals Co.*, 295 AD2d 843, 844 [2002], quoting *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 787-788 [1996], *lv dismissed* 88 NY2d 874 [1996]; *see Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937 [2001]). Although no one factor is decisive, a key element is the question of "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp., supra* at 558; *see Bird v New York State Thruway Auth.*, 8 AD2d 495, 498 [1959]).

Here, the County does not dispute that the Town paid Eddy's wages and retained the right to seek his removal from

___

* The County does not contest this aspect of Supreme Court's decision on this appeal.

elective office. Instead, the County asserts that the town employees involved in the project were under the County's direction and control. As evidence of this direction and control, the County points to testimony that another town employee was operating a town dump truck at the time of the accident, that the Town permitted the County to borrow warning signs because the County neglected to bring its own signs to the site, that a county employee saw Eddy directing traffic at the time of the incident and an equivocal statement by the supervisor of the County's work crew that he may have asked Eddy to direct traffic.

As Supreme Court concluded, however, this testimony is insufficient to establish that the County assumed or exercised any control over Eddy or that the Town relinquished control of its elected official. Moreover, the other town employees at the site testified that they considered Eddy to be their boss and Eddy testified that he was never under the supervision of the County. Accordingly, we perceive no abuse of discretion in Supreme Court's denial of the County's motion to amend on the ground that the County failed to show that the proposed amendment was not plainly lacking in merit (*see Bird v New York State Thruway Auth., supra* at 501).

Further, the County's argument that Supreme Court erred in dismissing the third-party complaint is meritless. The County asserts that the Town was negligent in its selection and provision to the County of work zone signs that were not of the proper size or dimensions for the project. The testimony of a supervisor for the County, however, indicated that he removed the signs from the Town's truck, made the decision to use them at the site and placed one of the signs himself. The supervisor additionally indicated that the County was solely responsible for the selection, placement and use of the signs. Given these admissions and the County's failure to otherwise raise a question of fact regarding the Town's negligence, no error is apparent in the dismissal of the third-party complaint. We have considered the parties' remaining arguments and find them to be either academic or lacking in merit.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.