██ JOHN B. TURNER, JR., Appellant, et al., Plaintiff, v DOUGLAS R. CAESAR, Respondent. [768 NYS2d 679]—

Rose, J. Appeals (1) from that part of an order of the Supreme Court (Dowd, J.), entered July 31, 2002 in Chenango County, which granted defendant's motion to amend his answer, and (2) from an order of said court, entered November 18, 2002 in Chenango County, which granted defendant's motions for an extension of time to effect service of his amended answer and to direct the manner of service thereof.

After this Court reversed Supreme Court's order dismissing the amended complaint in this action to enforce a deed covenant restricting the use of defendant's real property on Chenango Lake (291 AD2d 650 [2002]), defendant moved to amend his answer to assert counterclaims against plaintiff John B. Turner, Jr. (hereinafter plaintiff) and third-party claims against numerous additional property owners subject to the same covenant. Supreme Court granted defendant's motion, as well as his subsequent motions for a 120-day extension of the two-month period originally allowed for service on the additional property owners and permission to serve them by certified mail

pursuant to CPLR 308 (5). Plaintiff now appeals from those orders.

Leave to amend a pleading is discretionary and trial court orders generally will not be disturbed where there is no prejudice or surprise to the nonmoving party resulting from the delay and the proposed amendment is not plainly lacking in merit (*see Eddy v White*, 304 AD2d 959, 960 [2003]). Here, defendant's excuse for his delay was the wastefulness of the expense of joining the other property owners before this Court reversed Supreme Court's order of dismissal. Supreme Court reasonably found this excuse to be sufficient. As to prejudice, plaintiff failed to assert, in either opposing defendant's motion or his brief on this appeal, the existence of prejudice other than delay of his own trial and the need for additional discovery. Neither of these allegations is sufficient to preclude Supreme Court's exercise of its discretion (*cf. Moon v Clear Channel Communications*, 307 AD2d 628, 629-630 [2003]; *see Garrison v Clark Mun. Equip.*, 239 AD2d 742, 742-743 [1997]).

We also find that defendant's prompt application for an extension of time, his description of the efforts made to effectuate service, the reasons for his being unable to do so and the lack of prejudice to anyone all support the granting of an extension (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 107 [2001]; *Della Villa v Kwiatkowski*, 293 AD2d 886, 887 [2002]). As to the method of service upon the third-party defendants, we need note only that plaintiff is not entitled to notice of that application and has no standing to object to it (*see* CPLR 308 [5]).

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.