In the Matter of the Claim of JAMES MURPHY for Himself and on His Death by WALTER B. COOKE, INC., for Funeral Expenses and by Special Funds Conservation Committee for Statutory Death Benefits Award, Respondents, against DOWNTOWN ASSOCIATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of the Workmen's Compensation Board in favor of the estate of the deceased claimant and also from an award to the Vocational Rehabilitation Fund pursuant to the provisions of subdivision 9 of section 15 and to the Fund for Reopened Cases pursuant to the provisions of section 25-a of the Workmen's Compensation Law and also for funeral expenses. The decedent was employed as a dishwasher in the luncheon club operated by his employer. On June 3, 1947, he was found lying on the floor at the foot of a marble stairway leading from the second floor to the main floor of the employer's premises. The accident was unwitnessed. Because of the fall he sustained accidental injuries in the nature of linear fractures of the parietal bones of the head, subarachnoid, intra-cerebral hemorrhage, semi-unconsciousness with post-traumatic psychosis and mental deterioration for mental incompetency; and caused his death on May 6, 1949, from general arteriosclerosis, an old fracture of the skull, an old laceration of the brain and hypostatic pneumonia. Decedent was taken to Beekman Downtown Hospital where he remained until June 9, 1947, and he was removed to Bellevue Hospital. On July 8, 1947, he was transferred to Manhattan State Hospital where his death occurred. The board found that the injuries sustained by the decedent which resulted in his death were accidental injuries and arose out of and in the course of his employment. The appellants contend that there is no credible evidence upon which the board made a finding of fact that decedent fell down a flight of stairs. The admissions in the employer's first report of injury and the declarations which decedent made to his brother and sister-in-law were corroborated by the medical evidence in the record. The declarations of the decedent were also corroborated by the employer's manager as well as by the testimony of Dr. Feldman. Only questions of fact are involved. Awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.