In the Matter of the Claim of MARTHA POGUE, Respondent, against CROUSE IRVING HOSPITAL et al., Appellants, and MIDDLETOWN STATE HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Crouse Irving Hospital and its insurance carrier from decisions and awards of the Workmen's Compensation Board granting disability compensation to claimant against appellants and disallowing claims against the other three respondent hospitals. Claimant entered Crouse Irving Hospital as a student nurse on February 1, 1939. From September to December, 1940, claimant worked as an affiliate nurse as a part of her training, at the Middletown State Hospital where the board has found she was exposed to tuberculosis while attending a tubercular patient. Subsequently, claimant worked at the Syracuse City Hospital and the Rochester General Hospital. The board has found that the actual exposure occurred at the Middletown State Hospital while claimant was in the general employ of appellant. The claims were not timely filed but the board has found that Crouse Irving Hospital made an advanced payment of compensation by furnishing medical attention and hospital care to claimant from April 17, 1941, to May 21, 1941, without charge. The record justifies an inference that Crouse Irving Hospital had some knowledge at that time that claimant was suffering from a disease contracted in her employment. It does not appear in the record that Crouse Irving Hospital furnished hospital care to all student nurses irrespective of the cause of illness or disability as in Matter of Lombardo v. Endicott Johnson Corp. (275 App. Div. 18). Deci-

sions and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post*, p. 1049.]