In the Matter of the Claim of CECILY L. RICE, Respondent, against R. B. HAMILTON HARDWARE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer, its insurance carrier and the Special Disability Fund from a decision and award allowing death benefits to the widow and minor children of a deceased employee. Decedent was employed as a clerk in a hardware store. He was found behind a counter in the store in a semiconscious condition on the floor with severe head injuries from which he subsequently died. Appellants do not dispute decedent's fall or the fact that his death resulted from traumatic injuries resulting therefrom. They contend however that the fall was caused by a fainting fit or some internal seizure which had nothing to do with decedent's employment — in other words the fall was idiopathic. The board found that decedent slipped and fell, and that his injuries were accidental and arose out of and in the course of his employment. It was found specifically that decedent did not fall because of a fainting fit or any other kind of seizure. The occurrence was unwitnessed and hence the presumption arising under sections 20 and 21 of the Workmen's Compensation Law may be applied (*Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277). Moreover there were present some circumstances supporting the board's findings, aside from a bare presumption, rather slight in character but nevertheless of some probative value. On the whole record we think that the board's factual findings cannot be disturbed as a matter of law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.

■

In the Matter of the Claim of BARBARA F. MEIGH, Appellant, against SPERRY GYROSCOPE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which denied a claim for death benefits on the ground that decedent's fall and subsequent death were not due to an industrial accident. Decedent was employed as a "journeyman's helper" and his work required him to carry "patterns" for precision instruments from place to place within the plant and to points outside the plant. On the morning before he died decedent had carried some patterns from the plant to an automobile for delivery elsewhere, drove the car to the points of delivery and carried the patterns inside. He had lunch outside, and thereafter returned to the plant. About two o'clock, P.M., as he was walking toward a coemployee and started to say something, he collapsed, fell backward to the floor, and died shortly thereafter. He had a pre-existing heart condition, and there was testimony that the cause of his death was a heart attack, and that in falling he fractured his skull. There is no evidence that deceased slipped or stumbled, or that he struck any object in falling. Claimant contends that the exertion of his work brought on the heart attack and death. The nature and amount of exertion presents a question of fact. The medical testimony as to the cause of his attack is conflicting, presenting only a question of fact. The board has found that decedent died of natural causes. While appellant cites a number of somewhat similar cases where a contrary finding by the board has been sustained, they are not authority for reversing the finding of the board here. Decision unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.