In the Matter of the Claim of ERNA GEOGHAN, Respondent, against FRANCIS LEGGETT PREMIER FOOD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board. The employer was engaged in the wholesale grocery business and the decedent was employed as a tractor-trailer truck driver and delivery man. The board found that the decedent, while in the regular course of his employment, was subjected to unusual strain and exertion in that after making five deliveries and while making a delivery at a high school " it was necessary for him to carry three 100-pound bags of sugar, etc. on his shoulder, one at a time, as the entrance of the school cafeteria was too small to enable him to use the hand truck, all of which caused him to suffer a heart attack which caused his immediate death ". There is no testimony in the record that the decedent carried the bags of sugar on his shoulder into the high school cafeteria. Neither is there any evidence of the size of the hand truck nor of the width of the cafeteria entrance from which an inference could be drawn that decedent was required to carry the bags because the hand truck would not go through the cafeteria entrance. Consequently, there is no basis for the finding of the board to the effect that the carrying of the bags of sugar constituted an unusual strain and exertion. Had the board not found that the decedent carried the heavy bags of sugar on his shoulder, it might not have concluded that he was subjected to an unusual strain which caused his death. (Cf. *Matter of Meigh* v. *Sperry Gyroscope Co.*, 284 App. Div. 1074.) Furthermore, if the only physician who testified had not assumed that the decedent carried the bags of sugar on his shoulder, he might not have expressed the opinion that the decedent's work was causally related to his death. There is no substantial evidence in the record to support the finding made by the board. The claim should be remitted to the board which should reconsider the matter and receive any additional proof that may be offered. Decision and award reversed, with costs to the appellant against the Workmen's Compensation Board and the claim remitted for further proceedings. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.