In the Matter of the Claim of JOYCE E. COOK, Respondent, against BUFFALO GENERAL HOSPITAL, Employer, et al., Appellants; BUFFALO STATE HOSPITAL et al., Employers, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued March 8, 1955; decided May 26, 1955.

Henry Redman Dutcher, Sr., for appellants. I. The award against Buffalo General Hospital should be disallowed and the claim dismissed, inasmuch as no claim was made or filed against the Buffalo General Hospital within the statutory time as provided by section 28 of the Workmen's Compensation Law. (*Matter of Pogue* v. *Crouse Irving Hosp.,* 281 App. Div. 931; *Matter of Lombardo* v. *Endicott Johnson Corp.,* 275 App. Div. 18.) II. An advance payment of compensation within the meaning of section 28 of the Workmen's Compensation Law was made by the general employer, the Buffalo Children's Hospital. (*Matter of Lord* v. *Rocky Crest Sanatorium,* 274 App. Div. 955, 298 N. Y. 934; *Matter of Schwartz* v. *Kaplan Card & Paper Co.,* 276 App. Div. 789; *Matter of Dennison* v. *Presbyterian Hosp.,* 274 App. Div. 956, 298 N. Y. 932.) III. The board has found that the Buffalo Children's Hospital was the general employer and the Buffalo General Hospital the special employer. Therefore, if the claim was filed within the statutory period, or it is found that an advanced payment of compensation was made within the meaning of section 28 of the Workmen's Compensation Law, and that such advance payment is binding on the special employer as a matter of law, then both institutions should be equally charged with the award as a matter of law. (*Matter of McDonald* v. *City of New York,* 265 App. Div. 1026; *Matter of Commissioner of Taxation & Finance of State of N. Y.* v. *Willard Parker Hosp.,* 256 App. Div. 1018; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 278 App. Div. 867, 304 N. Y. 65; *Matter of Palmer* v. *Redman,* 281 App. Div. 723; *Matter of Peploe* v. *Burns Bros.,* 281 App. Div. 134.)

Victor Fiddler, Bernard Katzen, William H. Stieglitz and George J. Hayes for State Insurance Fund, respondent. I. The undisputed evidence given by the claimant herself is that there was no exposure to tuberculosis during her affiliation with respondent hospital; her only exposure to the disease was during her affiliation with appellant hospital; thus there could have

been no contraction of the disease at respondent hospital. II. Filing a claim and notice against the general employer is a claim filing and notice to the special employer. (*Matter of Celli* v. *Central Islip State Hosp.*, 276 App. Div. 802.) III. An award may be made against the general employer and special employer, either individually, separately or jointly, and the award here against the special employer alone is sustained by the undisputed proof that claimant was exposed to the disease she contracted solely in the employ of the special employer. (*Matter of Nichols* v. *Central Islip State Hosp.*, 262 App. Div. 984; *Matter of Commissioner of Taxation & Finance* v. *Strandberg & Son*, 275 App. Div. 1011; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Higgins* v. *Western Union Tel. Co.*, 156 N. Y. 75; *Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97; *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Matter of Hessinger* v. *City of New York*, 264 App. Div. 802; *Matter of Pogue* v. *Crouse Irving Hosp.*, 281 App. Div. 931; *Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447; *Matter of Vilord* v. *Village of Suffern*, 278 App. Div. 1030.)

DESMOND, J. Claimant, a nurse, was, by the award here appealed from, allowed workmen's compensation because of disability from pulmonary tuberculosis contracted at Buffalo General Hospital while claimant was in training there, in 1945 and 1946, as a student nurse. Claimant, in 1943, had, as a student, entered Children's Hospital School of Nursing, another Buffalo institution, but in 1945 she was sent, for part of her training, to Buffalo General Hospital. It was not until after her return to, and later graduation from, Children's Hospital that the disease and disablement were discovered. The board properly found that the disablement occurred at Buffalo General Hospital, that the disease was contracted by reason of contact with a tubercular patient there, that it was due to the nature of her employment there, and that, at that time, Children's Hospital was her "general employer" and Buffalo General Hospital was her "special employer". The board made its award against the special employer only. Although claimant had not filed a claim against that special employer within the two-year period fixed by section 28 of the Workmen's Compensation Law, the general employer (Children's Hospital) had, within that time,

made an " advance payment " of compensation to claimant in the form of medical treatment and hospital care. The board held that " such advance payment is binding on the Buffalo General Hospital, the special employer, as well."

It is not disputed that the furnishing of medical care to an injured employee is, ordinarily, such an " advance payment " of compensation as makes unnecessary the filing by him of a formal claim (*Matter of Gallahan* v. *Papec Mach. Co.*, 263 App. Div. 918, affd. 288 N. Y. 726). But appellants here, pointing out that claimant's hospital care after she became disabled was provided not by appellant Buffalo General Hospital, but by Children's Hospital, insist that it may not serve as a substitute for the filing of a claim against that appellant. We do not agree. In Workmen's Compensation Law, as at common law, " The fact that a workman has a general and a special employer is not inconsistent with the relation of employer and employee between both of them and himself " (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273, 275). Both together are his employer, and we know of no reason why notice to one, or claim against one, or advance payment by one, should not stop running the section 28 time limitation as to both (see *Matter of Celli* v. *Central Islip State Hosp.*, 276 App. Div. 802). Certainly, the language of section 28, " No case in which an advance payment is made to an employee   *   *   *   shall be barred by the failure of the employee   *   *   *   to file a claim ", is broad enough to make effective for the purpose an " advance payment " by either employer, or by both.

Appellants make much of the " inconsistency " between this decision and the decision in *Matter of Pogue* v. *Crouse Irving Hosp.* (281 App. Div. 931, motion for leave to appeal denied 306 N. Y. 979). In each instance, a student nurse contracted tuberculosis during a special employment, and each was given hospital care by the general employer. However, claimant Pogue's award was against the general employer alone, while this present claimant was awarded compensation against the special employer alone. But such an inconsistency calls for no explanation from us, and certainly does not justify a reversal. It is as well settled as anything in the law can be that workmen's compensation may be ordered paid by the general employer or the special employer, or both (*Matter of De Noyer* v. *Cavanaugh*,

221 N. Y. 273, 276, *supra*). Having announced that the board has power to make the award against either or both, the courts cannot complain if the board exercises the power, case by case, as it sees fit.

The order should be affirmed, with costs.

VAN VOORHIS, J (dissenting). The decision of this appeal depends upon the application of the two-year Statute of Limitations imposed by section 28 of the Workmen's Compensation Law. Claimant contracted an occupational disease while in the service of her special employer. The fact that a workman has a general and a special employer is not inconsistent with the relationship of employer and employee between both of them and himself (*Matter of De Noyer* v. *Cavanaugh,* 221 N. Y. 273; *Matter of Dennison* v. *Peckham Road Corp.,* 295 N. Y. 457). Depending upon the facts of the case, the employee may recover against either or both the general and special employer. It is assumed that in this case an award might have been made in favor of the claimant against either or both of these employers. An award was made by the Workmen's Compensation Board against claimant's special employer but not against her general employer. The award against the special employer would be upheld, under the facts of this case, if the claim against the special employer had been filed within the time limited by section 28. That was not done. More than two years elapsed without the filing of any claim after the termination of claimant's employment by the special employer and the contraction of her occupational disease.

The Appellate Division has held that the Statute of Limitations has been tolled against claimant's special employer for the reason that an advance payment of workmen's compensation was made to her by her general employer. That advance payment, made in this instance by furnishing hospital and medical care, has the effect of extending the Statute of Limitations prescribed by section 28 against the employer who made the payment (*Matter of Pogue* v. *Crouse Irving Hosp.,* 281 App. Div. 931, motion for leave to appeal denied 306 N. Y. 979), but it has no such effect against an employer by whom no payment has been made.

Under section 59 of the Civil Practice Act, a payment upon an obligation results in extending the limitation period, in the case of persons jointly or severally liable, but the Statute of Limitations is extended only against the party making the payment. Nothing in the statutes nor in reason makes any distinction in this respect between section 59 of the Civil Practice Act and section 28 of the Workmen's Compensation Law. In this instance, the payment was made by the general employer, yet the statute was tolled against the special employer. There is not and is not claimed to be any relationship of principal and agent between parties so situated. The general employer acted for itself, not in behalf of the special employer.

In *Peoples Trust Co.* v. *O'Neil* (273 N. Y. 312, 315–316) this court said:

'' It is well settled that a payment in case of a joint liability by one does not extend the statute as to others jointly liable. (*Hoover* v. *Hubbard*, 202 N. Y. 289; *State Bank of Binghamton* v. *Mangan*, 240 App. Div. 327; affd., 269 N. Y. 598; 1 Williston on The Law of Contracts, § 191.)

'' The same rule applies as to a payment by a principal debtor. It does not have the effect of extending the statute as against a surety. (1 Williston on The Law of Contracts, § 193; *Ulster County Sav. Institution* v. *Deyo*, 116 App. Div. 1; affd., 191 N. Y. 505.)

'' Neither can a payment by a surety extend the statute against the principal. (1 Williston on The Law of Contracts, § 193; *Harper* v. *Fairley*, 53 N. Y. 442.)

'' Professor Whiteside in his notes on the Restatement of the Law of Contracts says that section 127 states the New York rule, citing *Shoemaker* v. *Benedict* (11 N. Y. 176) and *Hoover* v. *Hubbard* (202 N. Y. 289). * * *

'' An action on a contract brought after six years from its due date must be brought on the new promise, express or implied, which operates to take the claim out of the statute. The new promise must be made by the one sought to be bound or his agent, duly authorized or his act thereafter ratified.''

The record is barren of any evidence that the special employer, appellant Buffalo General Hospital, was made aware of the fact that a claim was to be made against it, or that it was apprised of the nature of such claim or that it did anything tending to

cause claimant to delay making a claim, or to authorize claimant's general employer to act for it in making the advance payment of compensation. It is irrelevant whether appellant sustained prejudice on account of the delay in filing this claim. Prejudice does not enter into whether a claim is barred by the Statute of Limitations.

The order of the Appellate Division affirming the award and decision of the Workmen's Compensation Board against appellant Buffalo General Hospital, the special employer, should be reversed and the claim against appellants should be dismissed.

CONWAY, Ch. J., DYE and FULD, JJ., concur with DESMOND, J.; VAN VOORHIS, J., dissents in an opinion in which FROESSEL and BURKE, JJ., concur.

Order affirmed.