■ In the Matter of the Claim of JENNIE SZATKOWSKI, Appellant, against BETHLEHEM STEEL COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board. The decedent had been employed as a "breakdown utility man" by the respondent self-insured employer for many years. A part of his usual work was participation in a process known as a "roll change". This process involved the replacing of "liners" weighing between 75 and 125 pounds each; the decedent and a fellow employee lifted the liners in place. On April 4, 1952, immediately after participation in a "roll change", the decedent complained of feeling ill but, according to a fellow worker and to the foreman on the job, he made no specific complaint of a pain in his chest. He was sent to the Moses Taylor Hospital. The resident physician at the hospital testified that the decedent complained of a bad cold and fatigue but that he did not complain of any pain in the chest. The doctor diagnosed the case as "probable acute tracheo-bronchitis secondary to acute coryza". He did not examine the decedent for a heart ailment; he concluded that the decedent's illness was not serious enough to require hospitalization. The decedent then went home; upon his arrival, he complained to his wife of severe pain. The decedent's wife testified that the decedent appeared to be in great pain, he was "perspiring freely" and "looked all white and blue". She was unable to reach their family physician that night. The next morning, Saturday, April 5th, the decedent and his wife went to the office of the physician. The decedent gave the doctor a history of pain in his chest immediately after the "roll change". The doctor suspected a coronary occlusion and recommended immediate hospitalization. The decedent refused to go to the hospital but agreed to go to see a heart specialist the following Monday. At that time, a cardiographic examination disclosed that the decedent had suffered a coronary occlusion. He was immediately sent to the hospital; he died there a few weeks later. An autopsy disclosed that the decedent had severe atherosclerosis of long standing and that he had suffered a recent thrombosis of the anterior left descending coronary artery, acute dilation and complete occlusion. This was found to be the cause of death.

The autopsy showed that the decedent had also suffered bronchial pneumonia. There were two principal questions in the case: (1) whether the heart attack had been brought on by the decedent's work and (2) whether the work had involved any unusual or undue strain or effort, which might be characterized as an industrial accident. As to the first question, it seems to have been assumed by both parties, that if the work had brought on the heart attack, it would have been evident at once while the decedent was still at the plant. It was agreed that the onset of pain in the chest determined when the attack occurred. The crucial question on this branch of the case was therefore whether the decedent had suffered the onset of pain while at work or whether he suffered it at a later time. There was a sharp conflict of evidence on this question. The testimony of the foreman and a fellow worker on the job and the testimony of the hospital doctor supported the view that the decedent had not suffered a severe pain in the chest while at work. The decedent's declarations to his wife and the history he gave to his family physician and the heart specialist supported the claim that he had suffered severe pain immediately after the "roll change". As to the second question, the only direct evidence consisted of the proof of the heavy nature of the work which the decedent had performed the night he took sick. One of the claimant's medical experts speculated that the decedent might have gotten into an awkward position or in some other manner might have been subjected to an unusual strain, which precipitated the heart attack, even though the work was of the usual character. The board found that the decedent had not suffered "an accidental injury or occupational condition while working" and further that "the disability and subsequent death" were not "the result of an accidental injury or occupational condition". We cannot say that the board's finding was not supported by substantial evidence. Upon the evidence, it was within the power of the board to find that the heart attack had not occurred while the decedent was at work and, furthermore, it was within its power to find that, even if the attack had occurred while he was at work, it was not caused by any unusual or undue strain or effort. It is true that the proof presented by the claimant was as strong as, or stronger than, that presented in many cases in which the board has granted awards but the courts have no power to compel the board to be consistent in its decisions (cf. *Matter of Cook·v. Buffalo Gen. Hosp.*, 308 N. Y. 480, and *Matter of Meigh* v. *Sperry Gyroscope Co.*, 284 App. Div. 1074). So long as the board's decision is supported by substantial evidence, the courts cannot interfere, whether the decision is in favor of the claimant or in favor of the employer. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.