■ In the Matter of the Claim of GLORIA GENTILUOMO, Respondent, against ROCKVILLE MINOR SURGERY HOSPITAL et al., Respondents, and BROOKLYN HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Brooklyn Hospital, employer, and Globe Indemnity Company, insurance carrier, contending claimant did not contract tuberculosis in the course of training and working for appellant hospital and that there was no causal relationship. On August 31, 1948, claimant matriculated as a student at the Brooklyn Hospital Training School for Nurses and completed her course there, graduating in 1951. While such student, she spent three months working at Kings Park State Hospital (mental institution) and two months, March, 1951 to May, 1951, at Triboro Hospital (tuberculosis). Following graduation in September, 1951, she was a nurse associated with Rockville Minor Surgery and continued there until March 25, 1952 when an examination disclosed she was suffering from tuberculosis. There is substantial testimony by the claimant as to association and contact with tuberculosis patients at Brooklyn and she began to feel tired and restless prior to her graduation in September, 1951. X rays taken at the time, which were negative, did not eliminate the contracture while at the appellant hospital. There was a difference of opinion between the doctors as to the time after infection the symptoms become evident and the disease active. The appellants had the opportunity to examine claimant and her doctors in detail and the fact that they did not pursue the examination of the witnesses is no fault of the claimant-respondent. No affirmative evidence was offered by the hospital to contradict or impeach the theory of the claimant. While there is some evidence of a possible exposure at Rockville Minor Surgery, the substantial evidence sustains the finding of the board as to the appellant. Causal relationship and credibility are ordinarily questions of fact and the determination of the board is final. (*Matter of Pogue* v. *Crouse Irving Hosp.*, 281 App. Div. 931; *Matter of Palmero* v. *Gallucci & Sons*, 6 A D 2d 911.) Decision and award of the Workmen's Compensation Board affirmed, with costs, said costs to be divided between Workmen's Compensation Board and Rockville Minor Surgery Hospital. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.