■ In the Matter of the Claim of LOUIS SCHRECKENBERGER, Respondent, against HALL BAKING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was a bakery truck driver. A customer noted that claimant was attempting to get into his truck; he was staggering " dazed like ". The witness noticed that claimant got into the truck " and sat on the seat ", and the witness went for help. When he came back he noticed that claimant " had fell backwards off the seat and his head on the floor and one side and his feet on the other * * * He was all frothing at the mouth." Claimant himself had no recollection of these events except that he had been making a delivery and next became conscious in a hospital. The medical diagnosis was that he had suffered a subarachnoid hemorrhage and a subdural hematoma. A small scratch was found on his forehead. The board seems to have attempted to find that claimant slipped and fell on the sidewalk. Its finding is that " A history was received by one of the physicians that claimant slipped * * * and fell striking his head on the sidewalk." We are unable to tell what the board was " finding " as a fact; but there is no proof in the record that there was any ice on the sidewalk or that claimant slipped and fell on the sidewalk. The rest of the factual finding is that claimant was " found " in a position " which indicated that he had fallen backwards or sidewards from his truck seat." There is no clear finding here that claimant fell from the seat. We have marked difficulty in reviewing the sufficiency of factual findings of the board under the present practice in the absence of some clear and unequivocal statement of what the facts as found are one way or another. If we assume there is substantial evidence that claimant fell from the seat to the floor of the truck, this is not substantial evidence of accidental causation of the fall or of injury resulting from it. He was patently ill before he sat on the seat, and if the fall was ideopathic it would not be compensable. (*Matter of Andrews* v. *L. & S. Amusement Corp.*, 253 N. Y. 97.) The presumption of accident from an injury in the course of employment does not attach to the facts of this case under the rule announced in *Matter of McCormack* v. *National City Bank* (303 N. Y. 5). Cases such as *Matter of Hoffman* v. *New York Cent. R. R.* (290 N. Y. 277) rest on a fair inference that an environment or condition of the work caused accidental injury; and that inference seems here inadmissible. Some actual condition, object or facility furnished by the employer in the employment was shown or reasonably inferred as a causative factor in the injury in such

cases as *Matter of D'Emarese* v. *Olive Oil Ind.* (281 App. Div. 780); *Matter of Murphy* v. *Downtown Assn.* (278 App. Div. 730); *Matter of Schmitt* v. *Bay Ridge Hosp.* (277 App. Div. 957); *Matter of Borey* v. *Rochester State Hosp.* (6 A D 2d 934); *Matter of McCann* v. *Hy-Al Luncheonette Co.* (5 A D 2d 1026); all of which are cited by the board in support of the award. Even in *Matter of Rice* v. *Hamilton Hardware* (284 App. Div. 1074) there was some evidence " rather slight in character " but " of some probative value " supporting the presumption. (Cf. *Matter of Department of Taxation & Finance* v. *Kew Forest School,* 279 App. Div. 959.) We are unable to find any evidence in this record to support a finding of accident. Decision and award reversed, with costs to appellant against the Workmen's Compensation Board and the claim remitted to the board for further consideration. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.