**Robert I. SMITH, Respondent-Appellant,**

v.

**HOME BUILDING CONTRACTORS, INC., and Michigan Mutual Liability Co., Respondents,**

and

**Milrey Development Company, and Iowa National Mutual Insurance Co., Appellants.**
**Nos. 23588 and 23589.**

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 3, 1962.

David R. Clevenger, William D. Lay, Platte City, for Robert Smith.

Price Shoemaker, Elmer E. Reital, St. Joseph, for Milrey Dev. Co. & Iowa National Mutual Ins. Co.

Donald G. Stubbs, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondents.

SPERRY, Commissioner.

This appeal is from a judgment of the circuit court affirming in part, and reversing in part, an award of·the Industrial Commission.

The record shows that Robert I. Smith, claimant, received accidental injuries on December 4, 1958, while working as a laborer on a prefabricated house being erected by Milrey Development Company, (Iowa National Mutual Insurance Company, insurer), hereafter referred to as Milrey, on property owned by it. The house was one sold to Milrey by Home Building Contractors, (Michigan Mutual Liability Insurance Company, insurer), hereafter referred to as Contractors. The injury arose out of and in the course of claimant's employment, and no question is presented regarding the amount of the award.

The referee found that claimant was the employee of Contractors when the injury was incurred; that Contractors had paid compensation to claimant in the sum of $1258.94, and had paid medical aid in the sum of $1457.45; that Contractors now contend that it was not claimant's employer

but had paid the above sums by mistake; that no claim as against Milrey was timely filed and that any claim as to it is barred by the statute of limitations. He awarded claimant the total sum of $4875.00, less $1258.94, or a balance of $3616.06, against Contractors.

Upon review, a majority of the commission found that claimant, when injured, was the "loaned employee" of Milrey and was not, at that time, employed by Contractors; that there was consent by claimant to work for Milrey, pursuant to an implied contract so to do, and that Milrey had the power to control the details of the work to be performed, how the work should be done, and whether it should stop or continue. The commission also found that no timely claim was filed against Milrey and denied compensation as against it, and also denied compensation as against Contractors.

Upon appeal the court, in a memorandum opinion commendably clear and logical, affirmed the award in respect to the finding that claimant was the special employee of Milrey when he was injured; held that the facts found by the commission do not support an award *denying* compensation to claimant against Milrey; affirmed the award in respect to the commission's finding and holding that claimant was not the employee of Contractors; and remanded the award to the commission for further proceedings, including determination of compensation of claimant against Milrey.

Claimant testified to the effect that he was, at the time of the hearing, employed by Contractors as a laborer and had been so employed for a period of eight years; that, when injured, he was working on the first floor of a house that was being erected; that another employee called to him from the basement; that he opened the door at the top of the stairway; that the top step flew out from under him; that he fell, suffering serious injuries; that Jack Reeder was there and "had Joe Miller" take him to Dr. Knox; that, at that time, he was working in Milrey Subdivision of

Platte Ridge; that Milrey paid him for that day's work; that Jack Reeder was superintendent for Milrey; that plaintiff had worked at the same place on the day before he was injured and was paid therefor by Milrey; that Contractors were in the business of selling prefabricated houses; that claimant would, from time to time, help erect houses in the Milrey development project; that, wherever he had worked, he was under the immediate supervision of Contractors' foreman, who directed his work; that the foreman told him to work at Milrey's on this occasion and that he did not care where he worked; that he went wherever he was told to go; that he knew when he worked at Platte Ridge he would be paid by Milrey; that, when he was hurt, he did not fill out an accident report but that the foreman filled it out and sent it in; that he paid no attention to who paid him; that he filed no claim until January 26, 1960. (This was more than one year after the date of the accident but within one year of the date of the last payment for compensation by Contractors; and medical aid was furnished by Contractors until less than one year before filing of the claim against Milrey.)

Mr. Thompson, an employee and foreman of Contractors, stated that on December 4, 1958, he was working in Platte Ridge, for Milrey, directly under the supervision of Reeder, superintendent for Milrey; that Reeder was present when the accident occurred; that he was paid by a Milrey check, from which standard deductions were made; that he and Reeder, jointly, filled out an injury report on claimant a few days afterward; that the lot upon which the house was being erected was owned by Milrey; that Reeder put the report in the mail; that he would have quit and left the job at any time if Reeder had told him to do so; that claimant worked under witness' direction both for Contractors and for Milrey. He identified claimant's exhibit "C", "Report of Injury", and stated that it bore the signature of E. B. Smith, Treasurer of Contractors.

E. B. Smith stated that he is Treasurer of Contractors. He identified two exhibits as the front and back of the earnings record of claimant, and stated that they were a part of the business records of Contractors and in his custody. These exhibits showed earnings of claimant up to and including December 2, 1958, which was the last day claimant worked for Contractors. Witness stated that Contractors sold houses to Milrey; that Milrey would pay Contractors' crew for labor in erecting them; that Reeder was Milrey's foreman; that claimant was Milrey's employee on the day he was injured; that witness made a mistake when he reported claimant as being an employee of Contractors; that he did not know that Contractors' insurer paid compensation to claimant until February, 1960; that claimant could have been, and was occasionally, loaned to Milrey.

From the above evidence the commission could have found, as it did, that claimant, when injured, was a "loaned employee" to Milrey, (Ellegood v. Brashear Freight Lines, 236 Mo.App. 971, 162 S.W.2d 628, 633–634; Pulliam v. Home Building Contractors et al., Mo.App., 363 S.W.2d 48); and that claimant was not, at the time he was injured, an employee of Contractors, but was an employee of Milrey.

Claimant filed no claim for compensation until January 26, 1960, more than a year after December 4, 1958, when the accident occurred. Section 287.430, RSMo 1959, provides in part as follows:

"*Limitations as to action*—exception. No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment. * *"

■ Compliance with the statute in this respect is jurisdictional. Murphy v. Burlington Overall Co., 225 Mo.App. 866, 34 S.W.2d 1035, 1038; Thomas v. Baker-Lockwood Mfg. Co., 236 Mo.App. 1248, 163 S.W.2d 117, 119.

Milrey contends that the claim for compensation is barred as to it by the above statute, and the commission so held. However, claimant contends, and the court held, that the statute was tolled because of regular compensation payments made by Contractors' insurer from and after the injury was received until a time within one year of the date of the filing of this claim. The award, as to Milrey, is based on the theory that the statute bars any claim as to it.

No Missouri decision dealing with the precise question here presented has been cited. The learned trial court stated that it appears that our courts have not answered the question.

■ We are commanded by Section 287.800, RSMo 1959, to liberally construe all provisions of this chapter, with a view to the public welfare; and it has been held that where there is any doubt as to the right to compensation, the doubt should be resolved in favor of the employee, Lupton v. Glenn's Oyster House, Mo.App., 266 S.W.2d 53, 57. The law is designed to protect employees who may be injured while performing labor in the furtherance of society's benefit and economic progress. The theory is that industry should bear the entire cost of its operations, including that of injuries to human beings. It is in the public interest that workmen injured, as this claimant was, be made whole, or as nearly so as may be, at the expense of the industry where his injuries occurred; otherwise, he and his family will suffer and may become a liability and burden to the public.

In Whittington v. Gamble Construction Co., Mo.App., 86 S.W.2d 331, the employer *voluntarily* made compensation payments to the widow of deceased employee until her death, more than six months after death of the employee. After the widow's

death the employee's daughter filed claim for benefits. The claim was contested on the grounds that it was barred by the statute of limitations because not filed within six months after death of the employee, the time allowed by statute at that time. However, it was filed within six months from the date of the last payment made to the widow. The court said:

"Now in this instance the payments made to the widow were voluntary payments, in that they were made pursuant to a temporary agreement between the parties and without the rendition of an award by the commission on contested issues, and therefore were of the very character of payments contemplated by section 3337, supra, as extending the time within which a claim for compensation may be filed. * *"

The court held that a different ruling would run counter to the mandate expressed in Section 287.800, supra.

The facts in that case are not on "all fours" with those of the case at bar, but there is much similarity between the cases. The decision is pertinent, but not controlling, in a consideration of the law governing this case.

In State Compensation Insurance Fund v. Industrial Accident Commission, Cal., 158 P.2d 195, 198, the court held that the statute of limitations runs from the last payment of *any* compensation and not from the last payment *by the party sought to be joined in the proceedings*. In so holding, the court distinguished its previous rulings which were, by the commission, thought to bar a claim against a special employer against whom no claim had been filed within the statutory period.

The court said (158 P.2d 198) that the claim was not barred; that, while the claim was not filed within six months of the injury, it was filed within six months after the last payment of compensation by another, the general employer. The court further said that the statute enjoins a

liberal construction; that it is broad in terms and provides a period running from the last payment of *any* compensation (not from the last payment by the party sought to be charged); that to strictly enforce the general limitations rule in compensation cases would be against the policy of the compensation act and contrary to its spirit and intent; and that it would penalize the employer inclined to make payment and favor the employer inclined to avoid the performance of his obligation. This doctrine was reaffirmed in State Compensation Insurance Fund v. Industrial Accident Commission, Cal.App., 166 P.2d 310, 312–313, and in Subsequent Injuries Fund v. Industrial Accident Commission, 155 Cal. App.2d 288, 318 P.2d 34, 35–36. The statute referred to in the opinions (Labor Code 5405(a) 1937) is almost identical, in its essentials, to the provisions of our Section 287.430, supra.

In Cook v. Buffalo General Hospital, 308 N.Y. 480, 127 N.E.2d 66, 67, a nurse was loaned by one hospital to another and, while working for the latter, contracted pulmonary tuberculosis. She filed no claim for compensation within the statutory time allowed, but her general employer furnished medical care. The applicable statute provided that "No case in which an advance payment is made to an employee * *. * shall be barred by the failure of the employee to file a claim". Thereafter, the nurse filed her claim and the court held that the statute is broad enough to make effective for the purpose an "advance payment" by either a general or special employer, or by both; and that an award against the special employer alone is not improper.

■ Our Section 287.430, supra, provides broadly that an action for compensation may be instituted "within one year from the date of the last (compensation) payment". It does not specify that such a claim may be filed *only* against an employer who had made payments within one year. To sustain Milrey's position

in this case we would be required to read that limitation into the section. Under similar statutes, the courts of New York and California refused, in effect, to so amend the statute, and gave it the broad interpretation that we are commanded to give it under our Section 287.800, supra. In this case claimant was, and had been for a long time, regularly employed by Contractors. He was loaned, with his consent, to Milrey. Milrey's superintendent, Reeder, collaborated with Contractors' foreman in filling out and forwarding the notice of accident to Contractors. Claimant did not know who paid his compensation (it was paid by an insurance company) and did not know who was legally liable to pay it. He was entitled to be paid for his injury. To hold otherwise, because of a technical error made by Milrey's own superintendent, would be for us to deprive him of his rights against the employer for whom he was working at the time he was injured. In the circumstances here shown, this would be neither logical nor equitable. It would be, in effect, straining at a gnat. We hold that the claim, as to Milrey, was timely filed.

In this case, the commission made an award in favor of Contractors. Whether claimant is entitled to an award against it, as may be indicated by the California and New York cases heretofore cited, is not important in this case. He was in the employ of Milrey when he was injured, and an award against a special employer alone is not improper. Cook v. Buffalo General Hospital, supra, 127 N.E.2d 66–67.

Claimant contends that, if his claim as to Milrey is barred by the statute, then Contractors should be held to be estopped to deny that it was his employer at the time he was injured. In Harding v. Industrial Commission, 83 Utah 376, 28 P.2d 182, 185, 91 A.L.R. 1523, it was held that estoppel may be ruled in a compensation case under certain conditions. In Industrial Indemnity Co. v. Industrial Accident Com'n., 115 Cal.App.2d 684, 252 P.2d 649, 652–653, it was said that the doctrine of equitable estoppel *in pais* is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations; and that one cannot justly or equitably lull his adversary into a false sense of security, thereby causing him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought. However, in this case, we have held that the claim is not barred by the statute. There is no occasion to discuss the matter further.

The judgment of the trial court is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.