**F. M. PULLIAM, Respondent-Appellant,**

**v.**

**HOME BUILDING CONTRACTORS, INC., and Hardware Mutual Insurance Company, Respondents,**

**and**

**Milrey Development Company and Iowa National Mutual Insurance Co., Appellants.**

**Nos. 23590, 23597.**

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 3, 1962.

Joseph B. Bott, Kansas City, for appellants Milrey Development Co. and Iowa Nat. Mut. Ins. Co.

David R. Clevenger and William D. Lay, Platte City, for appellant F. M. Pulliam.

Tucker, Murphy, Wilson, Lane & Kelly, by Paul Scott Kelly, Jr., Kansas City, for respondents.

SPERRY, Commissioner.

This appeal is from a judgment of the Circuit Court of Platte County, Missouri, affirming an award of the Industrial Commission of Missouri, in favor of plaintiff in the sum of $894.66, because of accidental injuries received by plaintiff while working as a carpenter.

Plaintiff was a regular employee of Home Building Contractors (whose insurer is Hardware Mutual Insurance Company), hereafter referred to as Building Company. At the time plaintiff received his injuries he was laying floor in a house on property owned by Milrey Development Company (whose insurer is Iowa National Mutual Insurance Company) hereafter referred to as Milrey. The referee found that plaintiff worked for Building Company and Milrey interchangeably, and made an award in favor of plaintiff as against Milrey alone, on the theory that plaintiff was, at the time he was injured, July 31, 1959, in its employ. This award was affirmed by the commission and, on appeal, by the circuit court. Plaintiff and Milrey appeal.

Building Company maintained a factory at Sedalia, Missouri, for the production of prefabricated houses which were sold to individuals and to real estate developers. It also maintained two trained construction crews for the transportation and erection of such houses. These field crews were under the supervision of Mr. Cohalla, who was an hourly employee. Cohalla personally directed one crew, as foreman, and he also generally directed the activities of the other crew which was under the personal supervision of Mr. Thompson, another employee of Building Company.

According to the evidence, Building Company had contracted to sell to Milrey a number of houses, which were to be delivered to it in Platte Ridge, a Milrey subdivision. Plaintiff was an hourly employee of Building Company. He worked in Cohalla's crew as a carpenter, skilled in the laying of floors.

There was competent testimony to the effect that, as to some houses sold by Building Company, it erected and completed them. However, there was evidence to the effect that, as to those sold to Milrey, including the one upon which plaintiff was working when injured, Milrey had the complete responsibility for erection and did furnish its workmen including its foreman, Cohalla, for whatever services Milrey might require; that, in such cases, Cohalla had the immediate direction of such workmen but Milrey's supervisor, Reeder, directed what houses were to be worked on, what work was to be performed, when to work, and when not to work; that Reeder could order any work to be discontinued at any time; that Reeder could "fire" all of such workmen at any time; that Milrey paid such workmen, including Cohalla and plaintiff, on its own checks from which tax and social security deductions were made; that Cohalla turned in to Reeder time cards on all employees under his supervision, and to Building Company, showing for whom and when each employee worked. There was testimony to the effect that this working agreement benefited Building Company because its employees would have steadier employment and not be laid off temporarily because of lack of work; and Milrey had the benefit of workmen especially trained in constructing the particular houses that it had acquired from Building Company.

Plaintiff testified to the effect that, since 1957, he had been employed by Building Company, as a carpenter, working on its prefabricated houses, "on the road" and elsewhere when so ordered; that he was a member of Cohalla's crew and went wherever Cohalla told him; that, on July 31, 1959, his thumb was injured while he was laying floor in a house in Milrey's

Platte Ridge addition; that, at Cohalla's direction, he went to the addition and was told by Cohalla to ask Reeder what he was to do; that Reeder told him to lay floor in a certain designated house, where he was injured; that he knew this was Milrey's subdivision; that he was willing to work there; that he had previously worked there; that he had worked for both Building Company and for Milrey, from time to time; that, when he worked for Milrey, he was paid with their check, at the hourly union scale, from which income and social security taxes were deducted; that he was so paid for July 31, 1959; that, after recovery from his injuries he worked for Building Company, and for Milrey; that "I worked for both"; that he never formally applied for work from Milrey but that he filled out their "dependents' form"; that, when he was injured, he was using Building Company tools; that he reported Milrey as employer, as to wages received from Milrey, for tax purposes.

Mr. Smith, an officer of Building Company, stated that the company had sold a number of houses to Milrey for erection in Platte Ridge; that Building Company agreed to loan to Milrey its erection crew; that Building Company paid no wages to such employees while performing services for Milrey; that no wages were paid to Cohalla or plaintiff on July 30 or 31; that their time cards showed that they worked for Milrey on those dates; that Building Company had no control or right of control over employees loaned to Milrey, including Cohalla and plaintiff; that an officer of Milrey instructed Building Company not to pay workmen for time spent for Milrey.

Frank Cohalla testified to the effect that he had long been employed as a field supervisor and construction foreman by Building Company; that, on July 30 and 31, both witness and plaintiff worked for Milrey, under orders of Reeder; that they were paid by Milrey who deducted standard taxes from their checks; that, for those days, he received no wages from Building Company; that he was not under orders from Reeder; that plaintiff reported his injury to witness, July 31, and witness sent him to the only doctor he knew in that area; that, at the time, Reeder was absent but a report was made to him when he returned to the area, and he also reported the injury to Building Company with the statement that the injury occurred while plaintiff was working for Milrey.

From the facts in evidence the commission could have found that Building Company loaned to Milrey its employee, plaintiff, with his consent (He stated that he had previously worked for Milrey and he was willing to work for Milrey); that plaintiff had entered upon the work of and for Milrey, pursuant to an express or implied contract so to do; that Milrey had the power to control the details of the work to be performed and to determine how the work should be done and whether it should stop or continue. It could have found facts from which it could have believed that Milrey was plaintiff's employer within the meaning of the act, and was entitled to receive compensation from Milrey for his injuries. Ellegood v. Brashear Freight Lines, 236 Mo. App. 971, 162 S.W.2d 628, 631. In Patton v. Patton, Mo., 308 S.W.2d 739, 746–747, the court considered, discussed and approved that decision.

The commission rested its action in this case on the reasoning and authority of the Ellegood case. The law is as stated in that decision and the commission, under the evidence herein, reasonably could have made the findings that it made and could have reached the result that it reached. Whether or not, under the evidence, it could have made different findings and reached a different result is immaterial. We cannot substitute our opinion for that of the commission, if we had a different opinion. Karch v. Empire

District Electric Company, 358 Mo. 1062, 218 S.W.2d 765, 769.

The judgment is affirmed.

MAUGHMER, C., and DEW, Special Commissioner, concur.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.