■ In the Matter of the Claim of LYDIA SCHWARZ, Appellant, v. BENEDICT & BENEDICT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal from a decision of the Workmen's Compensation Board reversing the determination of a Referee and denying death benefits to the widow of the decedent. On the morning of August 20, 1958 decedent expired suddenly in the office of his employer, an insurance brokerage firm. No autopsy was performed; the death certificate gave " Coronary Occlusion due to Coronary Illness " as the cause of death. For many preceding years deceased had been employed as a solicitor of insurance accounts on a commission basis; he also serviced those of the firm procured by others for which he received a fixed weekly salary. Deceased commuted via subway from his home in Roslyn, Long Island to the place of business of the employer in the Borough of Brooklyn. It appears that it was his custom to alight therefrom at the upper level of Borough Hall station and then by the use of 4 stairways having a total of 59 steps, of intervening platforms and an escalator to reach the public street along which he walked a distance of about 1½ blocks to his destination. There was evidence that the escalator was unoperative on the day of his death, a circumstance said to have necessitated his climbing an additional stairway of 20 steps which ordinarily would not have been required. Commencing in 1956 deceased had been under medical care for a heart condition; he suffered a coronary occlusion on January 31, 1958 for which he was hospitalized for a period of 4 weeks. Thereafter and until his death he reported to the employer's office only on Monday, Wednesday and Friday of each week during which he was engaged primarily in servicing the employer's accounts and advising its customers. It appears from the testimony of an officer of the employer that deceased was permitted to service the accounts which he had procured " either at home or in the office as he chose." One of these involved 78 insurance policies of various types which had been cancelled and thus required a recomputation of their premiums to ascertain the debit or credit balances. According to the testimony of the widow this was the work in which decedent was engaged at home on August 16, 17 and 19, 1958 under prodding by the employer to complete it. She further testified that in the evening of August 19 he complained of tiredness and pain in the chest which was followed by a restless night and that when he left his home to go to his office on the following morning he carried a brief case containing the papers and records of the employer which he had used in making the computations. The board found that the claimant had not sustained an industrial accident but that the fatal heart attack was due to the natural progression of underlying coronary disease. Appellant argues that the record demonstrates that decedent's work activities on the day prior to his death combined with his traverse of the subway stairs on the date of its occurrence imposed strains greater than the ordinary wear and tear of life upon his pre-existing cardiac affliction with a causally related catastrophic result. The nature and amount of exertion presented a factual question for determination by the board as did the conflicting medical opinion evidence on the issue of causality. (*Matter of Szatkowski* v. *Bethlehem Steel Co.*, 1 A D 2d 716; *Matter of De Blaker* v. *Channel Master Corp.*, 1 A D 2d 910, mot. for lv. to app. den. 2 N Y 2d 705; *Matter of Lerner* v. *Terrycab Co.*, 20 A D 2d 615; *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529, 532.) We cannot say as a matter of law that the board's conclusion that decedent's death was due to natural causes lacked substantial support in the evidence or that the opinion of respondents' cardiologist was incredible. It is also contended that the proof here was at least as strong as that presented in *Matter of Kehoe* v. *London Guar. &*

*Acc. Ins. Co.* (303 N. Y. 973) and *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506) where the board granted awards. As to this contention we need only to point out that we are powerless to compel the board to be consistent in its decisions. So long as its decision is supported by substantial evidence — which we find to be the case here — we may not interfere. (*Matter of Meigh* v. *Sperry Gyroscope Co.*, 284 App. Div. 1074; *Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480, 483; *Matter of Szatkowski* v. *Bethlehem Steel Co., supra.*) Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.