■ In the Matter of the Claim of HARRY A. COPE, Appellant, v. HARRIS GOODY & SONS REALTY CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by claimant from a decision of the Workmen's Compensation Board reversing a decision and award of the Referee and dismissing the claim. Claimant was employed as superintendent of an apartment house, and had been so employed for 18 years. On April 2, 1963, during the course of his employment, he went to one of the apartments and, while attempting to replace one of the window chains, he pulled himself up on a radiator and proceeded to take down the window shade at which time he felt a pain in his chest. When he was pulling the window from the frame, he "busted out in a cold sweat" and stopped work. After calling his doctor, he was taken to the hospital where he remained three weeks. In 1959, claimant had been told by his doctor that he had hardening of the arteries. All three doctors who testified diagnosed claimant's condition as a previous myocardial infarction with a pre-existing arteriosclerotic heart disease. The board found that claimant's "work activity of April 2, 1963 did not constitute arduous work or excessive strain, and did not contribute in any way to the myocardial infarction sustained." Dr. Bikoff, claimant's doctor, testified that the work actively on April 2, 1963, and the posterior myocardial infarction which he diagnosed, could be related and that his work activity was competent to precipitate it. However, when he was asked whether or not he had a definite opinion on the question of causal relation, he stated "I am not an expert. I cannot give you an expert's opinion." Dr. Filberbaum,

testifying for the State Insurance Fund, stated that taking the window shade off was "a very mild form of activity for a man accustomed to doing this type of work and, in my opinion, that has no causal relationship at all to the myocardial infarction he had." Dr. Jaffee, a specialist in cardiology testified in his opinion regarding aggravation or the relationship of the infarction to activity, stated "I didn't say there was causal relationship. I said it was an aggravating factor." The medical testimony as to causal relationship presents a question of fact which has been determined by the board against the claimant based on the evidence that the pathology and myocardial infarction were the result of advancing disease and not due to claimant's activity which was not sufficiently arduous to constitute an accident, under the circumstances here. The board's decision on causal relation is final and should not be disturbed. (*Matter of Meigh* v. *Sperry Gyroscope Co.*, 284 App. Div. 1074; *Matter of Burris* v. *Lewis*, 2 N Y 2d 323.) Decision affirmed, without costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.