■ In the Matter of the Claim of EDITH MANN, Respondent, v. LEROY WEAVER et al., Doing Business as B & M TRUCK LEASING COMPANY, et al., Respondents, and LONDON ASSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal, by the insurance carrier found to have afforded coverage to respondent employer Bradley's Express, from a decision of the Workmen's Compensation Board awarding death benefits, which the board charged equally against respondent Bradley, found to have been decedent's special employer, and respondent B & M Truck Leasing Company, found to have been his general employer. B & M has conceded its noninsured status and has paid its share of the award. Appellant carrier (1) asserts that the board erred in reforming the insurance policy so as, in the words of the decision, "to reflect the parties' intention to cover Bradley's Interstate Commerce Commission-licensed business, including their responsibility under the New York Workmen's Compensation Law" and (2) contests the board's finding that Bradley was decedent's special employer. Bradley attempts to raise the issue of jurisdiction, although its carrier did not question jurisdiction while before the board and although Bradley took no separate appeal and is a respondent here. Bradley, located in Connecticut and engaged in the business of hauling cargo interstate, entered into an agreement with B & M whereby the latter furnished to it a tractor and a driver, the decedent. Bradley paid directly to B & M the lease price, covering both the tractor and driver, pursuant to the agreement, which also provided that the leased equipment should be in the exclusive possession and control of the lessee Bradley, which assumed full responsibility for its operation. Bradley held an ICC license to operate in six States, including New York. Decedent

was killed in a highway accident in Connecticut while hauling Bradley's trailer on a run from Worcester, Massachusetts, to Newark, New Jersey. Assuming, without deciding, that the issue of New York jurisdiction, raised on this appeal by a respondent, is properly before us, we have no difficulty in affirming the board's explicit finding thereof. Bradley operated interstate in six States, including New York, where one in 20 of its trips required a pickup or delivery, and — importantly in our view — had no intrastate authorization in any State, including its own. Decedent resided in New York, as do his dependents, the intended beneficiaries of the workmen's compensation statute; and his work outside New York was transitory. Bradley dispatched the B & M equipment by calling B & M or decedent or his wife, in New York. Further, B & M, the general employer and Bradley's lessor, was located in New York, and we observe, although not as necessary to our decision, that a strange anomaly would arise upon denial of New York jurisdiction in a case in which two of the parties to the tripartite arrangement were New York domiciliaries whose contract was in part performed in New York. The New York contacts in this case were no less significant or substantial than those that served to sustain New York jurisdiction in *Matter of McMains* v. *Trans World Airlines* (18 A D 2d 956, mot. for lv. to app. den. 13 N Y 2d 593). The finding that Bradley was decedent's special employer is also supported by substantial evidence. The lease surrendered full control of the equipment and its driver to Bradley and Bradley dispatched decedent and, among other personal contacts, received his reports directly. Indeed, this may well be considered a classic example of a general employer-special employer situation. (See *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; and, also, *Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480; *Matter of Donoghue* v. *De Carolis*, 15 A D 2d 602; *Matter of Hilliker* v. *North Amer. Van Lines*, 12 A D 2d 677.) Finally, the board's conclusion that appellant carrier was on the risk and is liable for the award was properly reached upon sufficient evidence and must be sustained; as against appellant's contention that the only coverage intended was that of Bradley's obligation under the Connecticut workmen's compensation statute. The terms of the policy itself, issued almost two months after the accident, appear less significant as respects the intended scope of the coverage than does the binder given prior to the accident, read in the light of the evidence adduced concerning it and the carrier's inconsistent positions from time to time taken in regard to it; from all of which the board properly found that the parties contracted for coverage of Bradley's interstate operations, including those in New York, and not solely for operations in Connecticut where Bradley, apparently, had no intrastate authorization; and that coverage of the risks of Bradley's business generally was bound, without limitation to Connecticut or any other portion of the area in which the business was conducted. Decision affirmed, with costs to the Workmen's Compensation Board against the appellant. Herlihy, Reynolds and Staley, Jr., JJ., concur with Gibson, P. J.